# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

ANA R. OLIVELLA RIVERA
**Plaintiff(s)**

v.

POPULAR LEASING AND RENTAL, INC. et al
**Defendant(s)**

CIVIL NO.   98-2267 (JAG)

## ORDER

During a status conference held on August 14, 2002, Plaintiff was ordered to file on or before September 9, 2002, a motion providing a more definite statement with respect to Defendant's alleged unlawful collection procedures (Docket No.77). To date, Plaintiff has not complied with the Court's order. Moreover, on September 16, 2002, Magistrate Judge Gustavo A. Gelpí ordered Plaintiff to show cause by September 20, 2002 why the Court should not dismiss this case for failure to comply with its orders (Docket No. 81). Plaintiff failed to comply with that Order as well.

It is well-settled that "courts cannot function if litigants may, with impunity, disobey lawful orders." HMG Prop. Investors, 847 F.2d 908, 916 (1st Cir. 1988). While the sanction of dismissal for want of prosecution is appropriate only when plaintiff's misconduct has been extreme, "disobedience of court orders, in and of itself, constitutes extreme misconduct and thus warrants dismissal." Tower Ventures Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002) . See also Chamorro v. Puerto Rican Cars, Inc., 2002 WL 1941468 (1st Cir. 2002). Parties have an "unflagging duty to comply with clearly communicated case-management orders" and "a litigant who ignores case-management rules does so at his own peril." Rosario Diaz v. Gonzales, 140 F.3d 312, 315 (1st Cir. 1998). Furthermore, while a "violation of a scheduling order may be excused if good cause




exists for the offender's failure to comply", here defendants have been given ample opportunity to demonstrate good cause to no avail. In fact, on various occasions, the court has imposed and then vacated orders for sanctions when good cause has been show. <u>Tower Ventures Inc. v. City of Westfield</u>, 296 F.3d 43, 46 (1st Cir. 2002). Nonetheless, Plaintiff has consistently violated the Court's deadlines and demonstrated a discernible pattern of non-compliance and foot-dragging. <u>See Chamorro v. Puerto Rican Cars, Inc.</u>, 2002 WL 1941468 (1st Cir. 2002).

This case has been pending since 1998. The Court has repeatedly warned Plaintiff about the consequences for failing to comply with Court orders but Plaintiff has not heeded this advice. This is defendant's fourth motion requesting dismissal of the case for failure to prosecute. Accordingly, the Court dismisses this case with prejudice.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 2nd day of October, 2002.

*[signature]*
JAY A. GARCIA-GREGORY
United States District Judge