```
              UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF PUERTO RICO
```

| | | |
|---|---|---|
| ANA R. OLIVELLA RIVERA | * | CIVIL NO.: 98-2267 (CC) |
| | * | |
| <u>Plaintiff</u> | * | |
| | * | |
| v. | * | |
| | * | JURY TRIAL DEMANDED |
| POPULAR LEASING AND RENTAL, INC., | * | |
| ET AL. | * | |
| | * | |
| <u>Defendants</u> | * | |
| | * | |
| ------------------------------------ | * | |

## AMENDED MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE COURT:

COME NOW defendants PREFERRED RISK INSURANCE COMPANY (erroneously denominated Puerto Rican American Insurance Company) and BANCO POPULAR DE PUERTO RICO, represented by the undersigned attorneys, and before the Honorable Court respectfully sets forth and prays:

1. On September 23, 2005 the appearing party filed a motion to dismiss pursuant to FRCP 12(b)(6) for lack of subject matter jurisdiction and/or for summary judgment.

2. Said motion was filed expeditiously in order to be presented to this Honorable Court prior to the pre-trial conference scheduled for September 26, 2005.

3. Said pre-trial conference was re-scheduled for October 26, 2005. The appearing party is hereby submitting an amended motion for summary judgment with the evidence in support thereof.

4. The original complaint was filed on November 9, 1998.

5. An amended complaint was filed which is dated October 18, 2000.

6. A second amended complaint was filed on June 17, 2002.

7. Plaintiff claims that this Honorable Court has jurisdiction to entertain this case under the Federal Debt Collection Act and the Federal Credit Reporting Act, 15 USC Sec. 1601, 1681 and 1692. Plaintiff also invokes pending jurisdiction under articles 1060 and 1802 of the Puerto Rico Civil Code.

8. Plaintiff's allegations are related to the lease contract that she entered into with Popular Leasing for the lease of a Nissan Stanza model 1992. Said contract was signed on September 25, 1992.

9. In the last amended complaint, plaintiff alleges three (3) separate events as the basis of her claim under the Federal Debt Collector Act (allegations number 2 and 3 of the amended complaint filed on June 7, 2002):

(a) That defendant Popular Leasing required her to purchase an insurance policy from Puerto Rican American Insurance Company in addition to the policy purchased by plaintiff with Triple S. This policy was to cover risks or damages that may arise in relation to the use or operation of the leased vehicle. She claims that the additional policy with Puerto Rican American Insurance Company represented a payment of $197.00 per month. She also claims that Puerto Rican American Insurance Company refused to provide coverage

for a car accident in which she was involved and that this caused her emotional damages.

(b) That on October of 1997 Popular Leasing initiated collection procedures against her alleging that her lease payments were in arrears. Plaintiff claims that her payments were not in arrears and that she was harassed and humiliated and had to pay the amount requested in order to recuperate her vehicle which was repossessed.

(c) That on or about October of 2000 (as alleged on the second amended complaint dated October 18, 2000) Popular Leasing started collection procedures in the amount of $8,000.00 against plaintiff, that she was harassed and humiliated and that allegedly she did not owe said amount of money.

10. Plaintiff also claims (allegation 2(e) of the amended complaint filed on June 7, 2002) that "co-defendant Popular Leasing and Rental reported to the Credit Bureau agencies in Puerto Rico that the leased vehicle became a credit loss for all financial purposes. Moreover, said agencies reported a loss in the books of Popular Leasing and Rental, Inc." Plaintiff claims that as a consequence of this event, "her credit rating was severely jeopardized". Plaintiff claims that "Popular Leasing and Rental and Banco Popular de Puerto Rico have not cleared plaintiff's standing with the credit reporting agencies, neither in Puerto Rico or the U.S., and still informs to said credit agencies that

plaintiff still has an outstanding debt". Furthermore, plaintiff claims that she has been denied credit and various loans due to the allegedly false information provided to the credit reporting agencies.

11. It is respectfully submitted that neither the Federal Debt Collection Act nor the Federal Credit Reporting Act is applicable to the facts alleged on the complaint. Consequently, this court lacks jurisdiction to entertain the present cause of action. Moreover, it is also alleged that some plaintiff's claims are time-barred. Since no federal question jurisdiction exists, the pendent jurisdiction claims must also be dismissed.

DISCUSSION

I. <u>Federal Debt Collection Act</u>

A. <u>Not a consumer lease</u>

As stated above, plaintiff Ana R. Olivella Rivera signed a lease agreement with Popular Leasing and Rental dated September 25, 1992 for the lease of a Nissan Stanza model 1992. The last paragraph of said lease agreement states the following:

> "Lessee acknowledges receipt of a copy of this lease, conforming to the original hereof and represents and <u>warrants the unit will be used for business, commercial or agricultural purposes, and will not be used primarily for personal, family or household purposes. This lease is not a consumer lease within the meaning of the Consumer Leasing Act of 1976.</u>" (Exhibit 1)

Sub-chapter V of the Federal Debt Collection Act is concerned with regulating debt collection practices. Section 1692 a(5) of

said act defines the term debt in the following manner:

> "The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, whether or not such obligation has been reduced to judgment."

As it is apparent from the previously-cited clause of the lease agreement which is subject of this complaint, plaintiff represented that the leased vehicle would be used for business, commercial or agricultural purposes and not for personal, family or household purposes. Since the act only pertains to debts which are for personal, family or household purposes, the vehicle which was leased by plaintiff and was object of the contract is not covered by the Federal Debt Collection Act invoked by plaintiff. See <u>Fleet National Bank v. Baker</u>, 263 F. Sup. 2d 150 (D. Mass. 2003), act inapplicable as debt was characterized by both parties as a commercial transaction; <u>Hollman v. West Bary Collection Services</u>, 60 F. Sup. 2d 935 (D. Minn. 1999), debt was not a transaction for personal, family or household purposes and, consequently, did not constitute debt within the Fair Debt Collection Practices Act.

B. <u>Banco Popular and/or Popular Leasing are not debt collectors</u>

Moreover, section 1692a(6) defines debt collector in the following manner:

> "Any person who uses any instrumentality of interstate commerce or the maits in any business the <u>principal purpose of which is the collection of any</u>

>    <u>debts</u> or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed of due <u>and other</u>... The term includes any creditor who, in the process of collecting his own debts, uses any name other that his own which would indicate that a third person is collecting or attempting to collect such debts."

In addition, section 1692 a(6)(B) states the following:

>    "The term (debt collector) does not include ... (B) any person while acting as a debt collector for another person both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts."

Sections 1692b to 1692k impose upon the debt collector numerous obligations and responsibilities when attempting to collect a debt and section 1692k establishes a civil cause of action against any <u>debt collector</u> who fails to comply with the act. Such sections are not applicable here.

In the present case, Popular Leasing entered into a lease agreement with plaintiff and became the creditor under said agreement. Popular Leasing itself made several attempts to collect money owed by plaintiff and undertook several actions directed at collecting said money, including exchanging correspondence with plaintiff and meeting with her on several occasions. Moreover, Banco Popular de Puerto Rico also undertook actions to collect the money owed by plaintiff, also through the correspondence letters and meetings with plaintiff. At times, Banco Popular de Puerto Rico acts as the collector of Popular Leasing. However, neither

Popular Leasing nor Banco Popular de Puerto Rico are collection agencies or debt collectors under the act. Their principal line of business is not the collection of debts but the leasing and banking industries. As many creditors do, they try to collect their own debts when their debtors are in arrears or default. However, this does not turn them into debt collection agencies.

The above-cited definition of debt collector contained in the act specifically states that it must be a person whose principal line of business is the collection of debts owed to a third person. Section 1692 a(6)(B) specifically excludes any entity which acts as a debt collector for persons with whom it is related or affiliated and that its principal line of business is not the collection of debts.

Banco Popular de Puerto Rico is a publicly owned corporation duly incorporated under the laws of Puerto Rico and Popular Leasing is a wholly owned subsidiary or affiliate of Banco Popular de Puerto Rico. Banco Popular and Popular Leasing do not act as debt collection agents for third parties. (Exhibit 2)  See Davis v. Dillard National Bank, 2003 WL 21297331 (MDNC 2003), bank engaged in the business of lending money rather than of collecting debts is not subject to the act; Stafford v. Cross Country Bank, 262 F. Sup. 2d 776 (WD Ky. 2003), a creditor is not a debt collector, and creditors are not subject to the act when collecting their own accounts. See Albert v. American General Finance, Inc., 137 F. 3d

976 (CA 7 1998), pursuant to the exception for debt collection efforts of corporate affiliates, corporation whose principal business was not debt collection and which only collected debts for affiliated or related entities was not debt collector for purposes of the act; <u>Meads v. Citicorp Credit Services, Inc.</u>, 686 F. Sup. 330 (SD Ga. 1988), neither bank that issued credit card nor related service corporation that attempted to collect debt was debt collector subject to the act; <u>Kizer v. Finance America Credit Corporation</u>, 454 F. Sup. 937 (ND Miss. 1978), finance company which did not collect debts owed to another but only made collections by its in-house employees under its own name was not debt collector within the meaning of the act; <u>Backuswalcott v. Common Ground Community</u>, 104 F. Sup. 2d 3363 (SD Ny. 2000), defendant corporation fell within the "affiliate exemption" in its efforts to collect rent arrears from hotel tenants where defendant owned all shares of the limited partnership that owned the hotel so that defendant exerted corporate control over the hotel and defendant managed the hotel and debt collection was not the principal business of defendant; <u>Pavone v. Citicorp Credit Services</u>, 60 F. Sup. 2d 1040 (SD cal. 1997), corporate affiliate of creditor fell within in-house exemption of the act where affiliate did not collect debts for unaffiliated entities and affiliate's principal business was not collection of debts.

Furthermore, the "false-name" provision of section 1692a(6) of

the Fair Debt Collection Practices Act is not applicable to this case. Said provision forbids a creditor, in the collection of his debts, to use a name which suggests the involvement of a third party unless the third party is participating in the debt collection. Said provision is not applicable to the facts of this case since at all times Popular Leasing and Banco Popular de Puerto Rico acted using their real corporate names. See Stafford, supra.

Contrary to what is alleged by plaintiff, the repossession of the vehicle was performed by Isla Repossessions, which is an entity totally and completely independent from Banco Popular de Puerto Rico and Popular Leasing. (Exhibit 2) Whether or not that entity may qualify as a debt collector under the act is not an allegation raised by plaintiff and, as a matter of fact, Isla Repossessions was not included as a defendant.

In the present case plaintiff voluntarily submitted the possession of her vehicle to Isla Repossessions while she made arrangements to pay the outstanding debt. The vehicle remained in the custody of Isla Repossessions from June 14 to July 12, 1996. (Exhibit 3)

Section 1692 k(d) establishes one year from the date in which the violation occurs as the statute of limitations. The original complaint was filed on November 9, 1998. Therefore any cause of action pertaining to the alleged repossession of the vehicle under the Debt Collection Act is time-barred.

II. <u>Fair Credit Reporting Act</u>

Plaintiff also claims a violation of the Fair Credit Reporting Act. Plaintiff claims that "co-defendant Popular Leasing and Rental reported to the Credit Bureau agencies in Puerto Rico that the leased vehicle became a credit loss for all financial purposes. Moreover, said agencies reported a loss in the books of Popular Leasing and Rental's income." (allegation 2e of the second amended complaint filed on June 7, 2002) It is also alleged that "to this date, Popular Leasing and Rental and Banco Popular de Puerto Rico have not cleared plaintiff's standing with the credit reporting agencies neither in Puerto Rico or the U.S., and still informs to said credit agencies that plaintiff still has an outstanding debt." (Allegation 3 of the second amended complaint filed on June 7, 2002.) Furthermore, plaintiff alleges that plaintiff has been denied credit due to co-defendants' gross negligence and that "various loans have been denied, specifically a home mortgage loan." (Allegation 4 of the second amended complaint filed on June 7, 2002.)

It is respectfully submitted that the Fair Credit Reporting Act is not applicable to this case. Sub chapter III of the act regulates the conduct furnishers of information and of credit reporting agencies establishing numerous duties and responsibilities regarding credit reports of customers. In the present case, plaintiff claims that Banco Popular and Popular

Leasing provided erroneous information about her credit to a credit reporting agency.

In the case of <u>Vázquez García v. Trans Union of P.R.</u>, 222 F. Sup. 2d 150, this Honorable Court explained that 15 USC Sec. 16821s-2(a), which requires furnishers of information to provide accurate information to consumer reporting agencies, does not provide a private cause of action to consumers for an alleged violation of said duty. Such a claim may only be ventilated before the designated administrative agencies. Therefore, plaintiff's claim that defendants provided inaccurate information to credit reporting agencies is not actionable.

On the other hand, in <u>Vázquez García</u>, supra, this court recognized a private cause of action against furnishers of information under 15 USC Sec. 16821s-2(b). Section 2(b) imposes a duty upon furnishers of information to conduct an investigation and promptly report any inaccurate or incomplete information to consumer reporting agencies, <u>upon notice of a dispute by the credit reporting agency</u>. An essential element of this cause of action that needs to be established is that the furnisher of information received notice of the dispute from a consumer reporting agency.

> "Even though Section 1681s-2(b) creates a private cause of action by a consumer against a furnisher of information, the consensus of the courts is that this private cause of action is not triggered until **after** the furnisher of information receives notice of the dispute **from a consumer reporting agency, not just the consumer**." <u>Vázquez García</u>, supra, pág. 158 (cases cited omitted).

In the present case, nowhere in the original complaint and the two amended complaints plaintiff claims that the defendants Banco Popular and Popular Leasing were notified by the credit reporting agency that the report was being disputed by plaintiff. In fact, in her deposition, plaintiff specifically denied having notified the credit collection agency that she was disputing the debt with Popular Leasing. Plaintiff stated that she merely called the credit reporting agency and requested copy of her credit report.

> "Q. When you received those, the credit denials, did you call the institution or the credit reporting agency to find out what...
>
> Deponent:
>
> A. Sure. Para, para obtener una copia de mi informe de crédito.
>
> Q. Okay. Did you speak with someone there?
>
> A. ¿En qué lugar?
>
> Q. In the credit reporting ...
>
> A. No, simplemente llevo la carta y me dan una copia de mi informe de crédito y sigo, yo quiero saber por qué me denegaste un crédito." (pp 71-72 deposition of plaintiff) (Exhibit 4)

From the above, it is clear that plaintiff has failed to allege or produce any kind of evidence that could remotely establish that the credit reporting agency in fact notified the defendants Banco Popular and/or Popular Leasing that she was disputing the negative report. As stated above, plaintiff specifically denied having communicated to the credit reporting

agency that she was disputing the report. Plaintiff stated at her deposition that she only requested a copy of her credit report from the credit reporting agency, without indicating that she was in disagreement or in dispute with the report. If plaintiff never notified the credit reporting agency about her dispute, it is not possible that the credit reporting agency notified the defendants about a dispute.

In the present case, even if all facts alleged on the complaint and amended complaints are taken as true, plaintiff has not alleged an essential fact to establish her cause of action under section 1682 1s-2(b): that the furnishers of information, i.e. Banco Popular and/or Popular Leasing, were notified by the credit reporting agency about a dispute of the report. Plaintiff's only statement at her deposition is that she asked for a copy of her credit report from the credit reporting agency. The fact is that Banco Popular and Popular Leasing were never contacted by the credit reporting agency, in this case Trans Union, to inform that plaintiff had disputed her credit report. The only notification that defendants received about plaintiff's dispute of her credit report came from plaintiff herself. (Exhibit 2) This is not sufficient to establish a cause of action under the Fair Credit Reporting Act. See Gibbs v. SLM, Corp., 336 F. Sup. 2d 1 (D Mass. 2004), the complaint was dismissed because plaintiff did not allege that he contacted any reporting agency or that the agency, in turn,

got in touch with any of the defendants; <u>Peasley v. Verizon Wireless</u>, _____ (SD Cal. 2005), the complaint was dismissed because plaintiff affirmatively alleged that he did not notify a credit reporting agency but rather the furnisher directly; <u>Young v. Equifax Credit Information</u>, 294 Fed. 3d 631 (5th Cir. 2002), summary judgment was granted because plaintiff pointed to no evidence to prove that proper notice by credit reporting agency was given to furnisher pursuant to deposition testimony; <u>Aklagi v. Nations Credit Financial</u>, 196 F. Sup. 2d 1186, 1193 (D. Kansas 2002), motion for summary judgment was granted dismissing the complaint because plaintiffs failed to produce any evidence to suggest that the consumer reporting agency notified the furnisher of information that the plaintiffs were disputing the account, they merely produced evidence that they notified the consumer reporting agency and the furnisher of information about the dispute but "they have failed to make the critical link between the consumer reporting agencies and Equicredit [i.e. the furnisher of information]."

In sum, the Federal Debt Collection Act and the Federal Credit Reporting Act are not applicable to the present case. There being no other source of independent federal jurisdiction, this Honorable Court lacks jurisdiction to entertain the present case. The possible claims asserted by plaintiffs under state law should also be dismissed. Those claims constitute a regular tort action for damages under Article 1802 and a contractual violation claim which

are based in totally different elements and requirements than those contained in the federal acts.

WHEREFORE, it is respectfully requested that the complaint be dismissed in its entirety.

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Rafael A. Oliveras López, Esq.**, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: **Dagmar Adorno Toro, Esq.**, P.O. Box 70244, San Juan, Puerto Rico 00936-8244; **José R. Díaz Ríoz, Esq.**, P.O. Box 190743, San Juan, Puerto Rico 00919-0743; **David López Pumarejo, Esq.**, P.O. Box 195351, San Juan, Puerto Rico 00919-5351.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico this 20th day, of October, 2005.

s/ Ana María Otero
USDC. No. 206312
Attorney for defendant Preferred Risk Insurane Company and Banco Popular de Puerto Rico
OTERO & LOPEZ, L.L.P.
P.O. Box 9023933
San Juan, P.R. 00902-3933
Tel: 724-4828
Fax: 722-7662
e-mail: otelo@prtc.net