**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| Ana R. Olivella Rivera | * | C i v i l  N o .  9 8 - 2267 (CC) |
| | * | |
| **PLAINTIFF** | * | |
| | * | |
| Vs. | * | |
| | * | |
| Popular Leasing and Rental, Inc., | * | |
| and others. | * | |
| | * | |
| **DEFENDANTS** | * | |

-------------------------------------------------*

# PROPOSED PRETRIAL ORDER

TO THE HONORABLE COURT:

The instant case having come before the Court at a Pretrial Conference

held in pursuant to Rule 16 of the Federal Rules of Civil Procedure, 28

US.C, and Rule 314.3 of the Local Rules of this Court:

## COUNSEL FOR THE PARTIES

**Plaintiff:**

Plaintiff, Ana R. Olivella Rivera, is represented by attorney Rafael A.

Oliveras López de Victoria, 4G9, Calle 2, 4ta. Sección, Urb. Villa del Rey,
Caguas, PR   00727-6704, telephone number (787) 744-8588, fax number
(787) 703-0977 and email: roliveralv@prtc.net.

**Co-Defendant Popular Leasing and Rental:**

Co-Defendant Popular Leasing and Rental, Inc., is represented by
attorneys José R. Díaz Ríos, of  Pérez Pietri & Díaz Ríos, PO Box 190743,
San Juan, P.R. 00919-0743 Tel. 792-7013/ Fax: 792-8520 and David López
Pumarejo Box 195351 San Juan, Puerto Rico 00919-5351 Phone 765-5117
Fax 765-3098.

**Co-defendants Preferred Risk Insurance Company and Banco Popular
de Puerto Rico:**

Ana María Otero, Esq. of Otero & López, L.L.P.; P.O. Box 9023933,
San Juan, PR 00902-3933; telephone (787) 724-4828/Fax (787) 722-7662;
e-mail:   represents co-defendants Preferred Risk Insurance Company
(erroneously denominated Puerto Rican American Insurance Company) and
Banco Popular de Puerto Rico.

II.  AMENDMENT TO THE PLEADINGS

**Plaintiff:**

None at this time.

**Co-Defendant Popular Leasing and Rental:**

**Co-defendants Preferred Risk Insurance Company and Banco Popular de Puerto Rico:**

None at this time.

### III.NATURE OF ACTION AND JURISDICTION

**Plaintiff:**

The present action is brought by co-plaintiff Ana R. Olivella and her parents in accordance with the Federal Debt Collection Act and Federal Credit Reporting Act 15 USCA 1601, 1681, 1692; and also under the Contract Section of Civil Code of Puerto Rico and Article 1802 of said code. Plaintiff claim economic mental and emotional damages due to the negligent acts and or omissions created by Popular Leasing and Rental, Inc., its agent's officers and/or employees.  As expressed in the complaint, Plaintiff suffered credit damages as well as physical and emotional stress due to said negligent acts and omissions.

Plaintiff invokes the Court's jurisdiction under both Federal Debt Collection Act, supra and the Federal Credit Reporting Act, supra.

**Co-Defendant Popular Leasing and Rental:**

This is an action for Credit Collection Damages under the Federal Debt Collection Act, 15 USCA  1601   1681, 1692**.**

**Co-defendants Preferred Risk Insurance Company and Banco Popular de Puerto Rico:**

This is a action for credit collection damages under the Federal Debt Collection Act, 15 USCA 1601, 1681 and 1692 and under Article 1802 of

the Civil Code of Puerto Rico, 31 L.P.R.A. 5141.

# IV.<u>FACTUAL VERSION</u>

**Plaintiff:**

On October, 1989, Mrs. Ana Rosa Olivella commenced working as office manager in All-in- One Human Resources Services, Inc., located at Fernandez Juncos Ave. Num. 1452, Santurce, Puerto Rico.

**As of** September, 1992, **Mrs. Ana Rosa Olivella lived** in San Juan, Puerto Rico, specifically at the Miramar Plaza Condominium. Her only employment at the time was with All-in-One Human Resources Services, Inc. She was never an officer, stockholder or director of said employment agency. She had no commercial, business or agricultural activities.

On September, 1992, co-Plaintiff Ana Rosa Olivella leased a brand new Nissan Stanza, Model 1992 from Popular Leasing and Rent, Inc. The terms of the financial lease consisted mainly that co-Plaintiff Ana Rosa was to pay in monthly installment in the amount of $593.00, up to the aggregate of $21,000.00, approximately. This monthly amount represented the principal, interest charges, insurance premium for a full cover policy, property taxes, motor vehicle licenses and other miscellaneous charges -

regarding the rental agreement with the parties.  On the other hand, Popular Leasing and Rental, Inc., obligated itself to pay insurance premiums, taxes, and other charges payable to third parties, regarding the operation of said vehicle.    In  addition  to,  Defendant  Popular  Leasing  and  Rental,  Inc., contractually granted co-Plaintiff Ana R. Olivella the peaceful, public and continuous use of the above described vehicle.

Notwithstanding,  these  obligations  by  codefendant  Popular  Leasing and Rental, Inc., co-Plaintiff Ana Rosa became a victim of non-contributory negligence  by  Popular  Leasing  and  Rental,  Inc.,  its  agents,  offices  and employees in these main occurrences:

a)  First, in violation of the lease agreement and after the codefendant had accepted the original insurer, Popular Leasing and Rental, Inc., required from  Ana  Rosa  Olivella  to  purchase  an  additional  insurance  policy  from Puerto  Rico  American  Insurance  Company.    This  additional  insurance coverage was unnecessary and costly.  It represented on additional monthly charge  of  $197.00.    Not  withstand,  this  additional  coverage,  Puerto  Rico American  Insurance  Company  refused  to  grant  coverage  in  an  account whereby Ana Rosa Olivella became involved.

b)    Second,  Popular  Leasing  and  Rental,  Inc.,  initiated  collection

procedure against Ana Rosa Olivella; not withstand the fact, that the lease payments were not in arrears. At the time of said collection, Plaintiff vehicle was illegally repossessed by Popular Leasing and Rental, Inc. The repossession of said vehicle was done by instruction of co defendant Popular Leasing and Rental, Inc. and/or Banco Popular de P.R. This occurred on 1997. At this time, Mrs. Ana Olivella Rivera had a history of favorable payments to her account.

Plaintiff Ana Rosa Olivella was humiliated, demeaned and harassed by Popular Leasing and Rental, Inc., it agents, employees and officers in front of her family, friends and business associates. The voluntary repossession was done under duress.

c) Third, on June 1997, to recuperate the repossessed vehicle, Ana Rosa Olivella had to request from her parents financial help; said Plaintiff Ana Rosa Olivella extended a lump sum payment of $3,000.00 approximately to co-Plaintiff; and she proceed to paid the illegal and unwarranted financial charges and unlawfully collected. After said payment was made, Plaintiff recuperated the reposed Nissan Stanza.

d) Again on January 1998 Popular Leasing and/or Banco Popular of Puerto Rico re-started collection to Ana Rosa Olivella; and remitted on

February and May, 1998 various documents and letters requesting payments on the vehicle.  It was after this incident, that Ana Rosa Olivella become fully aware of the fictitious areas payment that co-defendant Popular Leasing and Rental, Inc., charged.  In a letter submitted by Popular Leasing and Rental, Inc., to Ana Rosa Olivella, the leasing company accepted its errors and requested apologies from Ana Rosa Olivella.  This letter was notified on October 1997 it also stated that Popular Leasing obligated itself to report said credit errors to the collection agencies in Puerto Rico.

Both the illegal repossession and its aftermath brought forward a total nervous breakdown of co-Plaintiff Ana Rosa Olivella which required prompt medical attention.

e)  To make matters worse, and notwithstanding Popular Leasing and Rental, Inc., acceptance of its errors in collection and repossessing practices, it never notified to credit bureaus of Puerto Rico that she was not in arrears; and instead Popular Leasing and Rental, Inc., reported to said credit bureau agencies that the leased vehicle contract had become a credit loss for all financial purposes of said party.  Therefore, said credit agencies reported unfavorable credit ratings to all parties requesting credit information of co Plaintiff Ana Rosa Olivella an alleged morosely.

f) Furthermore, on or around January 1998, due to the malicious and incompetent financial and administrative practices of Popular Leasing and Rental, Inc.,, again for the third time Popular Leasing and Rental, Inc., charged the amount of $11,000.00 approximately, mostly in fictitious charges. These charges were made by Popular Leasing specifically by Mr. Miguel Guindín and Sylvia Carmona after numerous confrontations in that year 1998. These alleged $11,000.00 in fictitious charges were solved when plaintiff Olivella had a final confrontation with Mr. Guindín. At this time she paid the $4,000.00 in residual value according to contract. At this time plaintiff was again harassed by defendants and also her credit rating was never resolved with the Credit Bureau as promised by the defendant.

As the result of these three incidents, co-Plaintiff Ana Rosa Olivella suffered economic; mental, physical and moral damages. In terms of economic damages, co-Plaintiff Ana Rosa Olivella suffered the following:

a)    Loss in the used of her vehicle for professional and personal purposes for almost five (5) days..

b)    Unfavorable credit rating to her person and toward her business.

c)    An extraordinary economic burden imposed by Popular Leasing and Rental, Inc., to Ana Rosa Olivella in trying to cope with the

repossession and its solution.

d)    Loss of salaries due to credit problems brought forward by Popular Leasing and Rental, Inc., negligent acts and/or omissions.

Ana Rosa Olivella also had mental and physical damages that may be summarized as follows:

a)    Lack of mental concentration and coordination due to the incredible tension she had suffered as the result of the Popular Leasing and Rental, Inc., collection practices, its errors and omission, the illegal reposition, and finally, the harassment she received.

b)    High blood pressure due to the incidents which required medical attention.

c)    Plaintiff Ana Rosa Olivella became very anxious and depressed due to these incidents.

d)    Constant insomnia and headache.

Lastly, Ana Rosa Olivella has been denigrated and humiliated by Popular Leasing and Rental.  She has suffered numerous humiliations when she has requested loans and other credit remedies.

Co-Defendant Popular Leasing Rental

On or about September 25, 1992 Plaintiff Ana R. Olivella Rivera and Popular Leasing & Rental, Inc., signed a contract titled ¨Lease Agreement¨ by which   Popular Leasing provided financing for a Nissan Stanza automobile acquired by Plaintiff.

Plaintiff failed to make payments on time and defaulted on her obligations.

Plaintiff requested a liquidation balance of her debt, proposed a settlement and finally made payments canceling the debt for a lesser amount that was owed to Defendant.

**Co-defendants Preferred Risk Insurance Company and Banco Popular de Puerto Rico:**

See paragraph V hereinafter, Factual and Legal Contentions.

## V.  <u>FACTUAL AND LEGAL CONTENTIONS</u>

**Plaintiff:**

Plaintiff legal theory can be summarized as follows:

In this action, Plaintiff Ana Rosa Olivella seek to recover damages from Defendant due to mental and moral anguish cause by the omissions, errors and inequities brought forward by Defendant, its officers, director, agents and employees.

Defendant actions are summarized in averment number two of complaint which state three causes for redress, namely:

a)    Defendant causes Plaintiff to buy additional insurance coverage with no apparent reason.  This additional coverage represented $197.00 in additional payments for the entire life of lease.

b)    Codefendants Popular Leasing and Rental, initiated illegal collection procedures against defendant is stated in complaint.  She lost her credit standing in Puerto Rico.  To this day,  Ana Rosa Olivella account appears as a negative credit rating in the credit bureau agencies that serve Puerto Rico.

c)    Moreover, Plaintiff was maliciously harassed, denigrated and humiliated for a numerous collections were made in different amounts, which were not real but a fictitious charge.

Plaintiff  has suffered mental and moral anguish; and nervous

breakdown due to this situation she is presently depressed.

**Co-Defendant Popular Leasing and Rental, Inc:**

The contract signed between the parties has as the last condition printed in capital and bold letters the following:

LESSE ACKNOWLEDGES RECEIPT OF A COPY OF THIS LEASE, CONFORMING TO THE ORIGINAL HEREOF AND REPRESENTS AND WARRANTS THE UNIT WILL BE USED FOR BUSINESS, COMMERCIAL OR AGRICULTURAL PURPOSES, AND **WILL NOT** BE USED FOR PERSONAL FAMILY OR HOUSEHOLD PURPOSES, THIS LEASE IS NOT A CONSUMER LEASE WITHIN MEANING OF THE CONSUMER LEASING ACT OF 1976.

Pursuant to 15 USC 1692 (a), collection efforts regarding any debt that is not primarily for personal, family or household purposes is accepted from FDCPA. Plaintiff has no cause of action under said statute.

The complaint fails to show even a scintilla of facts that may favorably be constructed as describing any practice or conduct incurred by defendant that is remotely violative of FDCPA or FCRA.

Defendant did not engage in any collection practice prohibited by Fair Debt Collection Practices Act (FDCPA) 15 USC 1692.  The complaint does not show any particular allegation of fact construing such a violation.

The FDCPA prohibits ¨debt collector (s)¨ from using ¨ any false, deceptive, or misleading representation or means in connection with the collection of  any debt.¨ 15 USC 1692 e. A ¨debt Collector¨  is defined as *¨any person who uses any instrumentality of interstate commerce or the mails in any business the principal purposes of which is the collection of any debts or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another¨. 15 USC 1692 a(6).*  In this case the complaint does not include any allegation that Popular Leasing was collecting a debt owed by a third person, nor that any other person on behalf of  Popular Leasing was trying to collect a debt from plaintiff.  As a general matter, creditors are not subject to the FDCPA.

Similarly, a creditor's in-house collection division, is not considered a debt collector *¨so long as (it uses) the creditor´s crue business name when collecting.¨*  S. Rep. No. 95-382 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1698.  An in-house collect on unit will be exempt from the provisions of the FDCPA if it collects its own debts in the true name of the creditor or a name under which it has consistently done business.  See *Kempf v. Famous*

*Barr Co.,* 676 F. Supp. 937, 938 (E.D. No. 1988).   See also *Maguire v. Citicorp Retail*, 2nd. Circuit decided on July 1, 1998.

Defendant causes of action are time barred.   Section 1692k(d) of FDCPA provides that actions to enforce liability created by the FDCPA must be brought ¨within one year from the date on which the violation occurs.¨ In *Maahs v. United States,* 840 F.2d 863, 866-67 (11th Cir. 1988), the US District Court for the 11th Circuit held that the method of calculation used in Rule 6(a) of the Federal Rules of Civil Procedures generally applies to statutes such as the FDCPA which were enacted after the Federal Rules of Civil Procedure were adopted in 1937.

The complaint fails to ascertain the nature of the damages claimed as a consequence of any particular wrongdoing on behalf of Defendant.

Any and all alleged violations of  FDCPA and FCRA, all of which are denied, were not international and were the product of bona fide errors, notwithstanding the maintenance of  procedures reasonably adapted to avoid such error.

**Co-Defendants Preferred Risk Insurance Company and Banco Popular de Puerto Rico:**

On  September 25, 1992,  plaintiff Ana R. Olivella Rivera and Popular Leasing & Rental, Inc. signed a contract titled "Lease Agreement" by which Popular Leasing provided financing for a Nissan Stanza automobile acquired by Plaintiff.

Since December 1, 1992, plaintiff started failing in making payments on time defaulting her obligations with Popular Leasing.  According to her collection data, from seventy-two payments only eight were done as scheduled. That means that sixty- four payments were in arrears.  Also, her lease history record shows payments with insufficient funds.

Co defendant Banco Popular de Puerto Rico, at the time of the facts, was acting as Popular Leasing's collection agent.  Preferred Risk Insurance company was the insurance carrier of Banco Popular.  The policy issued by Preferred Risk Insured is subject to its terms, clauses, conditions, exclusions and limits.

In the lease agreement, a monthly payment of $393.00 was established and plaintiff obliged herself to provide an insurance policy for the vehicle. (Lease agreement)  Plaintiff bought an insurance policy with Nationwide Mutual Insurance Company which covered the period from September 25,

1992 to September 25, 1993. (Nationwide policy) Since by May 1994 plaintiff did not provide evidence to the bank that she had bought an insurance policy for the vehicle, Popular Leasing procured an insurance policy with Preferred Risk - PRAICO. For this reason, plaintiff's monthly payment under the lease increased to $525.00 since May 2004 (Popular Auto Lease History). At the time in which these facts occurred, Popular Leasing, as owner of the vehicle, was responsible before third parties for any accident that may occur while plaintiff was driving the car. For this reason, Popular Leasing needed to have all its leased vehicles covered by insurance.

Through a hand-written letter dated May 27, 1995, plaintiff submitted to Popular Leasing for the first time a certificate issued by International Insurance Corporation stating that plaintiff had procured insurance policy PAP006569-58 with Triple S for the leased vehicle with an effectiveness period from September 9, 1994 to September 9, 1995. (Letter to Migdalia Castro) Once Popular Leasing received evidence of the insurance policy in effect with Triple S, the policy with Preferred Risk was immediately canceled on May 30, 1995. (Letter dated June 18, 1996 from Aida Luz Mulero and cancellation certificate issued by Preferred Risk Insurance Company).

On August 31, 1995 a letter was sent to plaintiff reminding her that

the policy with Triple S would expire on September 9, 1995 and that she should take the necessary steps to renovate the policy and provide evidence of said renovation. (Letter dated August 31, 1995 from Popular Leasing) Since plaintiff never submitted any evidence to that effect, on February 21, 1996 another letter was sent to plaintiff requesting her to provide copy of the policy for the period 1995 to 1996. Plaintiff never submitted said evidence.

On June 1, 1996 an adjustment was made of plaintiff's debt regarding the insurance for the period between May 1, 1994 to May 1, 1995. (Popular Auto Lease History)

The only debt collection letters sent by defendants to plaintiff are dated February 23, 1996 signed by Yamil Maldonado and September 12, 1997 signed by attorney Sergio Dominguez Wolff.

By October 2, 1998, plaintiff's debt with Popular Leasing amounted to $5,945.37. An agreement was reached with plaintiff that she would pay $4,500.00 of said debt and the rest of the debt would be condoned. (Letter to attorney Miriam Ramos dated January 7, 1999; by submitting this evidence defendants are not waiving their attorney-client privilege between the attorneys for the bank and bank employees.) Upon payment of this settlement amount, on October 2, 1998 the ownership title of the vehicle was

transferred to plaintiff. (Bill of sale #22921; transfer of title document dated October 2, 1998)

Plaintiff claims that she was denied credit at various places due to the negative information that Banco Popular and/or Popular Leasing supplied to the credit reporting agencies. All the information provided by Banco Popular and/or Popular Leasing to credit reporting agencies regarding plaintiff's account was accurate and correct. Popular Leasing and/or Banco Popular were never notified by any credit reporting agency, including Trans Union of Puerto Rico, Inc., that plaintiff had filed or made a dispute or claim regarding her credit report. In fact, plaintiff testified at her deposition that when she communicated with Trans Union, she merely requested a copy of her credit report and did not make any other request or dispute to Trans Union. The fact that plaintiff only made a request to Trans Union for a copy of her credit report, without stating a claim or dispute about said report, is also contained in plaintiff's letter addressed to Trans Union dated September 20, 1996. (Letter dated September 20, 1996)

Due to her constant arrears, on June 14, 1996, plaintiff voluntarily returned the unit to Popular Leasing. On June 17, 1996, plaintiff made a payment in the amount of $2,235. 95 and recovered the car. Isla Repossessions is a completely separate and independent entity from Banco

Popular and/or Popular Leasing.  The possession of the vehicle was voluntarily surrendered by plaintiff to Isla Repossessions and said company was the entity in charge of all proceedings related with the surrender of said possession.

Banco Popular did not engage in any collection practice prohibited by Fair Collection Act.  15 USC 1692 (a)(6) states that a creditor's in-house collection division, such as Banco Popular for Popular Leasing, is not considered a debt collector and is exempted from the provisions of the Act if it collects its owns debts in the true name of the creditor .

On the other hand, the complaint fails to state a claim upon which relief can be granted under the Fair Collection Act.   The lease agreement states as follows:

" Lessee acknowledges receipt of a copy of this lease, conforming to the original hereof and represents and warrants the unit will be used for business, commercial or agricultural purposes, and will not be used for personal, family or household purposes, **This lease is not a consumer lease within the meaning of the Consumer Leasing Act of 1976"**.  Therefore, the credit transaction is exempted from the Fair  Collection Act.  Pursuant to 15 USC 1692(a), collection efforts regarding any debt that is not primarily for personal, family or household purposes is exempted from FDCPA."

Plaintiff's claim under the Fair Credit Reporting Act must also be dismissed.  An essential element of that cause of action is that the bank is notified by the credit reporting agency that claimant has made a dispute

about her/his report.  15 USC sec. 168215-2(b).  In this case, the bank never received such notification.

Since the federal statutes invoked by plaintiff are not applicable to this case, there is no subject matter jurisdiction.  The state pendent claims must also be dismissed.

In the alternative, the alleged causes of action are time- barred. Section 1692k(d) of FDCA provides that actions to enforce liability must be brought within one year.  The last collection letter to plaintiff is dated September 12, 1997.  Also, as confirmed during the depositions, all the alleged violation occurred in 1993, 1994 , 1995 and 1996.  The complaint was filed on November 9, 1998.  Therefore, the causes of action are time barred.

## VI. <u>UNCONTESTED FACTS</u>

1.  In the lease agreement, with a monthly payment of $393.00 was established and plaintiff obliged herself to provide her own insurance policy for the vehicle.  (Lease agreement)

2.   Plaintiff bought an insurance policy with Nationwide Mutual Insurance Company which covered the period from September 25, 1992 to September 25, 1993.  (Policy of Nationwide Insurance)

3. PRAICO issued a policy which covered the lease vehicle from September 25, 1994 to September 25, 1995.

4. Up to 1996, Popular Leasing, as lesser of the vehicle, was responsible under the law before third parties for any accident that may occur while plaintiff was driving the car. For this reason, Popular Leasing war interested in having all its leased vehicles covered by insurance.

5. Through a hand written letter dated May 27, 1995, Plaintiff submitted to Popular Leasing a certificate issued by International Insurance Corporation stating that plaintiff had procured insurance policy PAP006569-58 with Triple S for the car with an effectiveness period from September 9, 1994 to September 9, 1995. (Letter to Migdalia Castro)

6. The policy with Preferred Risk was canceled on May 30, 1995. (Letter dated June 18, 1996 from Aida Luz Mulero, and cancellation certificate issued by Preferred Risk Insurance Company).

7. By May 29, 1998, the balance was $11,492.80. Then to October 2, 1998 the outstanding balance was $5,945.37. An agreement was reached with plaintiff and she paid $4,500.00. (Letter to attorney Miriam Ramos dated January 7, 1999. By submitting this evidence, it should not be understood that defendants are waiving their attorney-client privilege

between the attorneys for the bank and bank employees.)

8.   On October 2, 1998 the ownership title of the vehicle was transferred to plaintiff.   (Bill of sale #22921; transfer of title document dated October 2, 1998).


VII.   <u>STATEMENT OF THE CONTESTED MATERIAL FACTS</u>

**Plaintiff:**

1    Popular Leasing and Rental is the lender and/or lessor of a vehicle purchased by Plaintiff Ana Rosa Olivella.

2    To effectual said purchase a lease agreement was entered between Popular Leasing and Rental and Ana Rosa Olivella.

3    That lesser required from Ana Rosa Olivella an additional insurance policy in addition to her current one as establish in lease.

4    That lessor illegally reposed Ana Rosa Olivella vehicle July 1996.

5.   Throughout said lease, plaintiff was a victim of three events promoted and instigated by Popular Leasing and Rental, Inc., its agents, officers and/employees.

6.   First, Defendant Popular Leasing and Rental, Inc., illegally

required additional insurance coverage, (Puerto Rico American Insurance Company, Policy (Triple S, Inc., policy number PAP-006569-58).

7.     Second, Popular Leasing Rental Company, initiated collection procedure against Plaintiff Ana Rosa Olivella Rivera, notwithstanding the fact that the lease was not in arrears, and therefore, only owed the Current payment to lessor.

8.     Third, Popular Leasing maliciously started the collection of approximately $11,000.00 for fictitious charges.  Plaintiff  was harassed, denigrated and humiliated in from of employees and  third  parties.  These charges were corrected starting on or around 1998.

9.     Mental  and  Moral  damages  suffered  by  Plaintiff  are  in controversy.

10.     Punitive damages are also in controversy due to the malicious acts of Defendant.

11.     Plaintiff´s attorney fees and  costs  are  contested  due  to  the Popular Leasing's temerity.

12.     Defendant Popular Leasing Rental, Inc., obligated itself to pay ill insurance premiums, taxes and other charges regarding the operation of said vehicle.

13.    Throughout said lease, plaintiff was a victim of three events promoted and instigated by Popular Leasing and Rental, Inc., its agents, officers and/employees.

14.    Defendant Popular Leasing and Rental, Inc., illegally required additional insurance coverage, (Puerto Rico American Insurance Company, Policy (Triple S, Inc., policy number PAP-006569-58).

15.    Popular Leasing Rental Company, initiated collection procedure against Plaintiff Ana Rosa Olivella Rivera, notwithstanding the fact that the lease was not in arrears, and therefore, only owed the Current payment to lessor.

16.    Popular Leasing maliciously started the collection of approximately $8,000.00 for fictitious charges.  Plaintiff  was harassed, denigrated and humiliated in from of employees and  third  parties.

**Co-Defendant Popular Leasing and Rental:**

1. On or about September 25, 1992 Plaintiff Ana R. Olivella Rivera and Popular Leasing & Rental, Inc., signed a contract titled ¨Lease Agreement by which  Popular Leasing provided financing for a Nissan

Stanza automobile acquired by Plaintiff.

2.Plaintiff failed to make payments on time and defaulted on her obligations.

**3.** Plaintiff requested a liquidation balance of her debt, proposed a settlement and finally made payments canceling the debt for a lesser amount that was owed to Defendant.

**Co-defendants Preferred Risk Insurance Company and Banco Popular de Puerto Rico:**

Since December 12, 1992, plaintiff started failing in making

payments on time, thus defaulting her obligations with Popular

Leasing.  From seventy two payments only eight were done as



scheduled.

Plaintiff's lease history record shows payments with insufficient

funds.

Banco Popular de Puerto Rico was at the time acting as Popular

Leasing's collection agency.    Popular Leasing provided Banco

Popular information regarding plaintiff's payment status in order to

proceed with collection activities.

Due to her constant arrears, on June 14, 1996, plaintiffs voluntarily

returned the leased unit to Popular Leasing.

5.  Since by May 1994 plaintiff did not provide evidence to the bank

that she had bought a policy to cover the vehicle, Popular Leasing procured

a policy with Preferred Risk and charged plaintiff for those premiums.

6.  Through letter dated May 27, 1995 plaintiff submitted to defendant

evidence of a policy issued by Triple S for the period September 1994 to

September 1995.  Once that evidence was received, the policy with Preferred

Risk was cancelled on May 1995.

   7.  Despite requests by the bank to that effect, plaintiff never submitted

evidence of a policy for the period 1995 to 1996.

   8 On June 1, 1996 an adjustment was made regardeing plaintiffs debt

for the period between May 1, 1994 to May 1, 1995.

   9.  The only collection letters sent by defendants to plaintiffs are dated

February 23, 1996 and September 12, 1997.

10.  By October 2, 1998 an agreement was reached with plaintiff that

she would pay $4,500.00 out of her debt of $5,945.37.

11.  Upon payment of this amount, the ownership title of the vehicle

was transferred to plaintiff.

12.  Plaintiff never made a dispute to Trans Union of Puerto Rico

regarding her credit report.

13.   Defendants were never notified by Trans Union or any other credit

agency that plaintiff had filed a dispute regarding her credit report.

## VIII.<u>WITNESS</u>

**Plaintiff:**

The   following   are   the   possible   witness   in   this   case   subject   to

discovery proceeding.



      a.    Ana Rosa Olivella Rivera, will testify in relation to the

allegations in complaint.

      b.    Margarita M. Olivella Rivera, will testify in relation to mental

and moral anguish suffered by Ana Rosa Olivella Rivera.

      c.    Tomas Aponte- Hostile witness.

      d.    Silvia Carmona - Hostile witness.

      e.    William Olivella Arroyo, will testify in relation of payment

done by him and his wife and also mental damages suffered  by Ana Rosa

Olivella Rivera.


       f.     Rosa Rivera, will testify in relation of payment done by him

and his wife and also mental damages suffered  by Ana Rosa Olivella

Rivera.


**Co-Defendant Popular Leasing and Rental:**



     a)    Gladys M. Molina, Auxiliary Vice President of Popular Leasing

will testify regarding defendants office file and the documents contained

therein, as well as regarding collection and business procedures established

at Popular Leasing.

This witness will require interpreter.

     b).    Miguel Guindín, Collection Supervisor at Banco Popular will

testify regarding defendants office file and the documents contained therein,

as well as regarding collection and business procedures reestablished at

Popular Leasing.  This witness will require interpreter.

**Codefendants Preferred Risk Insurance Company and Banco Popular**

**de Puerto Rico :**

Millie Rivera, Popular Leasing - will testify about all matters regarding

plaintiff's account.

## IX. <u>DOCUMENTARY EVIDENCE</u>

**Plaintiff:**

    a.    Lease Agreement between Banco Popular Leasing & Rental

Inc., and Ana R. Olivella Rivera and its schedule.  This is the main contract that both parties signed.

b.     Letter dated April 27, 1997 signed by Ana Rosa Olivella for the payment of  $4,000.00.

c.     Certificate of Insurance Policy issued by Preferred Insurance Company.

d.     Certificate of Insurance Policy signed by Triple S, Co.

e.     Letter remitted by Popular Leasing send by Ana Rosa Olivella Rivera with regards to insurance coverage as requested by Popular Leasing.

f.     Cancellation notice remitted by Preferred Insurance Company.

g.     Letter signed by Silvia Carmona supervisory officer customer service department of  Popular Leasing and Rental Co., dated November 7, 1997.

h.     Debt certification letter remitted by Popular Leasing & Rental and signed by Miguel A. Gueddin.

i.     Credit Bureau Report dated 1998

j.     Credit Bureau Report dated 1997.

k.     Letter dated December 17, 1996, remitted by Popular Leasing requesting the full payment of liquidation balance at said date.

l.    Letter remitted by attorney Sergio Dominguez Wolf, whereby the amount of $9,381.42 is illegally claimed to plaintiff.

m.    Manager's check no. 005028.

n.    Confirmation regard vehicle repossession dated June 14, 1996.

o.    Letter remitted to Tomás Aponte, independent adjuster contracted by Popular Leasing & Rental Company whereby plaintiff states that she has evidence showing that these is no accumulated and/or outstanding debt.

p.    Audit Report remitted by Popular Leasing & Rental Company, dated February 23, 1996, requesting if pending balance owned by plaintiff is correct.

q.    Credit denial report dated by August 18, 1998, August 10, 1998, July 17, 1998, September 20, 1996 issued by various financial institution.

r.    Civil case file num. **ADP1996-0108** of the Court of  First Instance, District of Aguadilla. Popular Leasing & Rental Company.

**Co-Defendant Popular Leasing and Rental:**

a.    Lease Contract.

b.    Retail Installment Contract Insurance Premium Financing.

**Codefendants Preferred Risk Insurance Company and Banco Popular de Puerto Rico :**

1.  Lease contract.

2.  Payment history record (Document titled "Popular Auto, Inc. Lease History").

3.  Certificate of insurance issued by Nationwide Mutual Insurance.

4.   Letter from plaintiff dated May 27, 1995 with certificate of insurance pertaining to policy of Triple S issued by International Insurance Corporation.

5.  Certificate of insurance issued by Preferred Risk Insurance dated June 18, 1996.

6.  Letter from Popular Leasing to plaintiff dated August 31, 1995 regarding the renovation of policy.

7.  Letter dated February 21, 1996 requesting certificate of insurance for period 95-96.

8.   Certificate of cancellation of policy issued by Preferred Risk effective May 30, 1995.

9. Letter dated December 17, 1996 regarding liquidation value as of December 31, 1996.

10. Letter dated May 29, 1998 pertaining to liquidation value.

11. Letter dated May 29, 1998 with hand written notes pertaining to adjustment of debt.

12. Letter dated July 23, 1998 indicating liquidation value.

13. Form dated October 2, 1998 pertaining to liquidation and giving the possession of vehicle to plaintiff.

14. Memorandum prepared to attorney Miriam Ramos by José A. Diaz.

15. Letter dated September 20, 1996 directed to Trans Union of Puerto Rico, Inc. from plaintiff.


## X. DISCOVERY PROCEEDINGS

**Plaintiff:**

Concluded except co-defendant Preferred Risk Insurance Company and Banco Popular de Puerto Rico has not answered the interrogatories.

**Co-Defendant Popular Leasing and Rental, Inc.:**

Terminated.

**Codefendants Preferred Risk Insurance Company and Banco Popular de Puerto Rico :**

None further discovery is needed.

## XI.   PROPOSED EXPERT WITNESS

**Plaintiff:**

None.

**Co-Defendant Popular Leasing and Rental, Inc.:**

None.

**Codefendants Preferred Risk Insurance Company and Banco Popular de Puerto Rico:**

None.

## XII. PENDING MOTIONS

**Plaintiff:**

Plaintiff opposes any dispositive motion at this time for the same are tardy.  Moreover, Defendants had filed prior dispositive motions before this Honorable Court; which were denied.

**Co-Defendant Popular Leasing and Rental, Inc.:**

    None.

**Codefendants Preferred Risk Insurance Company and Banco Popular de Puerto Rico:**

    Amended motion for summary judgment filed by appearing party.

## XIII. LIMITATION AND RESERVATION

**Plaintiff:**

The Plaintiff reserves the right to further supplement the list of witnesses and the list of documentary exhibits upon application to the Court, and for good cause shown.

The plaintiff reserved the right to call such rebuttal witnesses as may be necessary without prior notice thereof to the other party.

**Co-Defendant Popular Leasing and Rental:**

**Codefendants Preferred Risk Insurance Company and Banco Popular de Puerto Rico:**

Co-defendants reserve the right to supplement the list of witness and documentary evidence. The right to use all the documentary evidence listed by plaintiff and the right to call rebuttal witnesses is also reserved by co defendants.

## XIV. ESTIMATED LENTH OF TRIAL

**Plaintiff:**

Plaintiff estimates that trial should take at least two (2) days.

**Co-Defendant Popular Leasing and Rental:**

Two (2) days.

**Codefendants Preferred Risk Insurance Company and Banco Popular de Puerto Rico:**

Three days are estimated.

## XV.<u>INTERPRETER:</u>

All Parties agree that an interpreter will be needed.

## <u>TECHNICAL WORKS</u>

All parties agree none at this moment.

## XVII.<u>OTHER MATTERS :</u>

All parties:  None.

**RESPECTFULLY SUBMITTED.**

In Caguas, Puerto Rico, this 23 days of November, 2005.

s/RAFAEL   A.   OLIVERAS   LOPEZ   DE VICTORIA

**RAFAEL A. OLIVERAS LOPEZ DE VICTORIA**
USDC: 119606
4G9, CALLE 2, 4TA. SECCION
URB. VILLA DEL REY
CAGUAS, PR  00727-6704
TEL: 744-8588/ FAX: 703-0977
Email: roliveralv@prtc.net

**ANA MARÍA OTERO, ESQ.**
**BUFETE OTERO & LOPEZ, LLP**
Attorney for Banco Popular de PR
and Preffered Risk Ins. Co.
USDC: 206312
P.O. Box 9023933
San Juan, PR  00902-3933
Tel. 724-4828/  Fax: 722-7662
Email: otelo@prtc.net

PEREZ PIETRI & DIAZ RIOS
José R. Díaz Ríos
Attorney for Popular Leasing and Rental, Inc.
P.O. Box 190743
San Juan, Puerto Rico  00919-0743
Tel: 792-7013   Fax:  792-8520
          &
David López Pumarejo
Attorney for Popular Leasing and Rental, Inc.
USDC: 123711
Box 195351

San Juan, Puerto Rico  00919-5351
Tel: 765-5117
Fax: 765-3098
Email: dlpuma@coqui.net