```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF PUERTO RICO

ANA R. OLIVELLA RIVERA            *    CIVIL NO.: 98-2267 (CC)
                                  *
     Plaintiff                    *
                                  *
          v.                      *
                                  *    JURY TRIAL DEMANDED
POPULAR LEASING AND RENTAL, INC., *
ET AL.                            *
                                  *
     Defendants                   *
                                  *
-------------------------------------*
```

MOTION IN OPPOSITION TO REQUEST FOR SANCTIONS

TO THE HONORABLE COURT:

COME NOW defendants PREFERRED RISK INSURANCE COMPANY (erroneously denominated Puerto Rican American Insurance Company) and BANCO POPULAR DE PUERTO RICO, represented by the undersigned attorneys, and before the Honorable Court respectfully tenders this proposed pre-trial order:

1. Plaintiff filed a motion requesting sanctions against the defendants consisting of: automatic denial of the motion for summary judgment filed by the appearing party, the elimination of all the pleadings contained in the answer to the complaint as well as economic sanctions against co-defendant Popular Leasing and Rental Company for not appearing at the pre-trial conference held on November 29, 2005.

2. On said pre-trial conference, this Honorable Court ordered co-defendant Popular Leasing to provide copy of the transcript of the deposition of Sylvia Carmona which was taken at the office of

the attorney representing Popular Leasing. The undersigned attorney does not have copy of the transcript of deposition and has informed plaintiff's attorney about this fact since we entered the case as legal representatives of Banco Popular. Since plaintiff is the party who took the deposition of Sylvia Carmona and the one with interest in obtaining said transcript, after the pre-trial conference plaintiff was going to try to obtain said transcript of deposition directly from the court reporter or from brother counsel López Pumarejo. On our part, we asked Sylvia Carmona whether she had a copy of the transcript and were informed that she did not have that copy.

3. Before making arrangements for the taking the deposition of Sylvia Carmona <u>for a second time</u>, we were waiting for plaintiff's attorney to inform us whether he was able to obtain copy of the transcript of the deposition. However, he never informed us whether he had contacted attorney López Pumarejo or the court reporter who transcribed the deposition in order to obtain said transcript. As a matter of fact, to this date plaintiff's attorney has not stated that he took all the necessary steps to obtain copy of the transcript of the deposition in order to avoid having to depose Mrs. Carmona for a second time.

4. As stated on plaintiff's motion for sanctions, on December 16, 2005 we met with plaintiff's attorney at the state court for another case and we proposed a date in December for taking Mrs.

Carmona's deposition. Plaintiff's attorney informed us that on the date suggested he was not available but did not propose any alternative dates. On that occasion, we informed plaintiff's attorney that we would have to check with Mrs. Carmona for other alternative dates.

5. The meeting with plaintiff's attorney at state court occurred on Friday, December 16, and upon returning to our office the next Monday, December 19, 2005, we sent a letter to plaintiff's attorney informing that Sylvia Carmona would be out of her office from December 21 until December 23, 2005 and suggesting December 27 or 28, 2005 for the deposition. We also informed that we would be out of the office from December 29 until January 10, 2006.

6. We are aware of this Honorable Court's deadline set for January 15, 2006 for plaintiff to oppose our motion to dismiss for lack of jurisdiction. However, we respectfully submit that the sanctions requested by plaintiff should not be imposed on defendants, particularly because we did everything that was under our control in order to rightfully comply with this court's order for taking the deposition of Sylvia Carmona and it was plaintiff the one who did not comply with its duty to try to locate and obtain the transcript of the deposition before deposing Sylvia Carmona for a second time, which should be the last recourse after taking all the necessary steps to try to obtain the transcript of the deposition already taken.

7. On our letter dated December 19, 2005 we suggested various dates during the month of January for taking the deposition. We respectfully submit that an extension could be granted to plaintiff to file its opposition to our motion after taking the deposition during the month of January.

8. The sanctions requested by plaintiff are extremely severe and totally disproportionate to what actually occurred. Furthermore, as stated previously, the undersigned attorney tried by all means possible to comply with this Honorable Court's order but it was plaintiff's attorney who did not fulfill his obligation to demonstrate that it was in fact impossible to obtain copy of the transcript of the deposition already taken and that the last resource available was to depose Mrs. Carmona for a second time.

WHEREFORE, it is respectfully requested that this Honorable Court denies plaintiff's request for sanctions against the appearing party, including the automatic denial of the motion for summary judgment and the elimination of all the pleadings in the answer to the complaint.

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Rafael A. Oliveras López, Esq.**, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: **David López Pumarejo, Esq.**, P.O. Box 195351,

San Juan, Puerto Rico 00919-5351.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico this 23rd day, of December, 2005.

                                        s/ Ana María Otero
                                        USDC No. 206312
                                        Attorney for defendants
                                        Preferred Risk Insurance Company
                                        and Banco Popular de Puerto Rico
                                        OTERO & LOPEZ, L.L.P.
                                        P.O. Box 9023933
                                        San Juan, P.R. 00902-3933
                                        Tel: 724-4828
                                        Fax: 722-7662
                                        e-mail: otelo@prtc.net