## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Ana R. Olivella Rivera<br>**PLAINTIFF**<br>Vs.<br><br>Popular Leasing and Rental, Inc., and others.<br>**DEFENDANTS** | **Civil No. 98-2267**<br><br>**CREDIT COLLECTION DAMAGES** |

## OPPOSITION AND REPLY TO MOTION
## FOR SUMMARY JUDGMENT

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff through the undersigned attorneys and respectfully alleges and prays:

### A.  Nature of the Present Case

The present action is complaint to recovery compensatory and economic damages under both the Fair Credit Reporting Act and the Federal Debt Collecting Act.

Moreover, pendent jurisdiction was invoked under the Civil Code of Puerto Rico, due to contractual damages incurred by Defendant.

## B. <u>Prior History</u>

On November 1998, a complaint was filed before the Honorable Court against both defendants; thereafter Popular Leasing And Rental, Inc. answered the complaint.  However Banco Popular of Puerto Rico requested dismissal for it was not responsible for the acts alleged in the complaint. Immediately, the Honorable Court dismissed the complaint against Banco Popular of Puerto Rico.  After a period of about two (2) years, Banco Popular of Puerto Rico again became an active party for it was determined that it was the collecting agents for Popular Leasing And Rental, Inc., when its client defaulted the auto loans and/or leasing agreements.

Discovery proceedings partially ended and a pre-trial conference was held.  However, the attorney for Popular Leasing and Rental, Inc. never appear at the conference held on December, 2005.  Banco Popular of Puerto Rico and its insurer formally Puerto Rico American Insurance, appear and thereafter filed a motion for summary judgment and to dismiss alleging in synthesis the following:

a)    The Federal Debt Collection Act is not applicable in this case for Banco Popular of Puerto Rico allegly is not a debt collector; although it acted as one for all legal purposes.

b)    The Federal Credit Information Act is not applicable due to lack as subject jurisdiction.

Banco Popular of Puerto Rico never filed its motion for summary judgment under <u>Rule 311</u>; therefore, using a format and manner contrary to the Local Rules of the Honorable Court.  By itself said motion for summary judgment should not be even entertained by the Honorable Court.  See attached motion to strike.  However, Plaintiff most respectfully informs she has complied with the Local Rules; and has submitted its brief in accordance to the Local Rules.

## FACTS

Mrs. Ana Rosa Olivella purchase an Nissan Stanza- 1992, through a lease finance granted by Popular Leasing and Rental.  See lease contract. **Exhibit A.  Statement of  Unconstested Facts Number 3 and 4.**  At the time of the contract, Ana Rosa Olivella worked as a general manager of All in One Human Resources, Inc., and later or, also as general manager of Career Contract Services.  She had no ownership interest with both firms

3

nor was directly involved in the ownership of said firms.  She was merely an employee of both firms.  **See Statement of  Uncontested facts Number 2.**

The vehicle was purchase by Popular Leasing and Rental with a discounted price from the dealer for Popular Leasing and Rental was starting as business. **See Statement of  Uncontested facts Number 3,** and title of the vehicle remained with Popular Leasing and Rental.  Moreover, at the time of the purchase, the private use of the vehicle was for the daily transportation from her home to her employer office, for personal activities such as shopping, personal banking activities,  visits to her parents, social events, doctors appointment and other personal activities. **See Statement of  Uncontested facts Number** 5.

These personal activities were knowned to the Popular Leasing and Rental's officers and/or vendors at the time of sale of said vehicle. Furthermore, the vehicle was also use for the partial fulfillment of Ana Rosa Olivella's obligation as a general manager, whereby she had to visit the employer's clients, state and federal employment offices, various banking institutions,  in relation to payroll activities of her employer.

These visits were made on an occasional basis. **See Statement of Uncontested facts Number  6, 7  & 9.**

On the basis of both personal and business activities, Popular Leasing and Rental accepted Ana Rosa Olivella after formal financial application, as a lease for all legal purpose. **See Statement of Uncontested facts Number 10**. The lease contract was exclusively drawn by Popular Leasing and Rental, whereby all the condition of said contract were imposed by Popular Leasing and Rental.  **See Statement of Uncontested facts Number 10**.  Mrs. Ana Rosa Olivella had no say in the final drafting of said lease contract**.  See Statement of Uncontested  Facts Number 10.**    Because Ana Rosa Olivella had excellent credit references; and for she is the daughter of a former Chase Manhattan Bank's executive, the financed lease was immediately approved. **See Statement of Uncontested  Facts Number 11.**   Popular Leasing and Rental was a start up business and need clients to survive, and therefore, a discount in the price was give.  **See Statement of Uncontested  Facts Number 11.**

It should be noted that use of said vehicle for Ana Rosa Olivella's personal activities could be estimated in more than 60% for it was used as a primary transportation made from her home to her office and other

personal activities as previously express. **See Statement of Uncontested Facts Number 5.**

In the present case, Defendant Popular Leasing and Rental and Banco Popular of Puerto Rico on engaged in illegal, willful and intentional conduct in at least four different occasions.  **See Statement of Contested Facts Number 1.**

**First**, it willfully required from Plaintiff a second insurance policy. The second insurance policy was provided by Triple-S, notwithstanding the fact that a first insurance policy was already had been paid by Plaintiff Ana Rosa Olivella through the lease contract to Puerto Rico American Insurance.   **See Statement of Contested Fact Number 2.**   This dual payment created extreme financial and emotional stress to Ana Rosa Olivella.

**Second**, Defendant Popular Leasing and Rental unlawfully and willfully collected the allegedly arrears of monthly lease payments through its collection agent, namely Tomás Aponte of Isla Repossession; and it parent company Banco Popular of Puerto Rico.  Island Repossession was contracted by both Banco Popular of Puerto Rico and Popular Leasing and Rental, as its debt collector, for the latter had no in house collection

facilities at the time.  At this time the vehicle was taken <u>without any court order.</u>  **See Statement of Contested Fact Number 3.**

**Third,** notwithstanding the agreement between the creditor Popular Leasing and Rental with Ana Rosa Olivella, the creditor Popular Leasing and Rental, again and/or around October, 1997, again started collection proceeding against Ana Rosa Olivella. First, a letter was set by attorney Sergio Dominguez Wolf which requested payment in more than $9,000. Exhibit L. **See Statement of Contested Fact Number 4.**  A second collection process started on early November 1997; and on November 7, 1997, and after numerous visits to Mrs. Sylvia Carmona, an officer of Popular Leasing and Rental, this situation was settled between Banco Popular of Puerto Rico and Plaintiff.  It was established that she was not in arrears, and second the error will be correct before the credit collection bureaus in Puerto Rico. Said officer remitted a letter to Ana Rosa Olivella whereby she stated the following:

POPULAR LEASING

7 de noviembre de 1997

Sra. Ana R. Olivella Rivera
P.O. Box 8457
Bayamón, PR  00960

Estimada señora Olivella:

RE:  02-000-07686-00-08337
02-000-07686-00-10451

Las cuentas de referencia reflejan información incorrecta en su historial de crédito.  Hemos procedido a corregir dicha información en la agencia de crédito Trans Union de Puerto Rico, Inc.

Le pedimos disculpas por los inconvenientes que esta situación le haya ocasionado y nos reiteramos a su disposición para cualquier otro asunto que usted entienda podamos serle útil.

Atentamente,

Sylvia Carmona
Supervisora
Servicio al Cliente

At this juncture, Mrs. Carmona personally and constructively knew the negative credit rating.  Mrs. Ana Rosa Olivella had visited or contacted the various credit bureau agencies in Puerto Rico in relation to this problem. **See also Exhibit L** a letter send to Trans Union on September 20, 1996, whereby she told about her credit situation. Mrs. Ana R. Olivella personally and in writing had notified said credit collection agencies of Banco Popular of Puerto Rico's mistakes. Therefore, in accordance with said letter dated November 7, 1997, Popular Leasing and Rental stipulated that Mrs. Olivella's credit situation before Popular Leasing will be fully

8

explain to the credit bureaus.  <u>She even offered also an apology</u>.  **See Statement of Contested Fact Number 4.**

**<u>Fourth</u>**, notwithstanding, said stipulation Popular Leasing and Rental commenced again collection procedures on or around February, 1998, by charging fictitious financial charges in relation to principal, interest and other default charges.   She was visited at her home employees and other  **See Statement of Contested Fact Number 5.** At this moment, it was found out that Popular Leasing and Rental had never carried on its promise to fix Ana Rosa Olivella credit rating as per the November 7, 1997 letter.   Plaintiff had various meeting with Popular Leasing and Rental personnel; but specifically, with Mr. José Guindin, who died around late 2002.   After these meetings Mrs. Ana Rosa Olivella and Popular Leasing and Rental entered in a final stipulation whereby it agreed to the following:

a)     Honor the November 7, 1997 letter signed by Mrs. Sylvia Cardona whereby Popular Leasing and Rental will notified the true credit information of Ana Rosa Olivella's claim and also request a favorable credit report.  **See Statement of Contested Fact Number  7.**

b)     Drops all fictitious financial charges; which was done. **See Statement of Contested Fact Number 7.**

c)     Agree to pay only the residual value of the Nissan Sentra in the amount of $4,500.00.    **See Statement of Contested Fact Number 7.**

A second stipulation was entered by Popular Leasing and Rental and Ana Rosa Olivella regarding the payment of residual value and title transfer. .  **See Statement of Contested Fact Number 8 & 9.**

Fifth and later and after said stipulation, Popular Leasing and Rental again for the fourth time again aggressively collected a fictitious unpaid sum.  At this junction, Ana Rosa Olivella become extremely upset and depressed; although, she had entered in an agreement liberating her of all financial charges.  Again the emotional damages were ever-present and became truly unbearable.  Her predict situation was never sold although she inform said situation to both defendants and the Credit Bureau in Puerto Rico. **See Statement of Contested Fact Number 9, 10 & 11.**

These facts are completely different from those facts remitted by co-Defendant Banco Popular of Puerto Rico, which were never substantiated its facts in the proper form under Local Rules 311.

## ISSUES BEFORE THE HONORABLE COURT

a)    Whether or not Mrs. Ana Rosa Olivella is a consumer debtor under the definition of  Federal Debt Collection Act.

b)    If Banco Popular of Puerto Rico acted as a collection agency with its agent Mr. Tomás Aponte of  Isla  Repossession, Inc.

c)    Whether or not the present action is time barred for all legal purpose both under Federal Debt Collection Act and the Federal Credit Collection Act.

d)    If a private cause of action exist under the Federal Credit Collection Act and under the case law of  **Vázquez García vs. Trans Union of Puerto Rico**, **222 Fd. Supp., Pg. 150,**  in relation  to the credit reporting made by Popular Leasing and Rental to the credit bureaus in Puerto Rico.

e)    Did Ana Rosa Olivella notified to the credit bureaus both the Vazquez's under the doctrine as per letter dated November 7, 1997,  in which Popular Leasing and Rental accepts its responsibility as a credit informer?

## DISCUSSION

A.    <u>Summary Standard (Rule 56) and Motion to Dismiss</u>:

In the present case, Defendant presented a motion whereby the same is predicated with facts never based or grounded, on valid documentary evidence which could back up its allegation in said motion.

**First,** Defendant does not bring up evidence of the true use of the Nissan Stanza as Plaintiff did in its statement of facts.  Second, Defendant Banco Popular of Puerto Rico does not incorporate a statement of fact regarding its true affiliation between Popular Leasing and Rental and later Insular Repossession, Inc. and itself.  It merely argues said facts without any documentary evidence to sustain them.  Third, Banco Popular of Puerto Rico fails to be truthful in its allegation before the Honorable Court when it does not bring forward certain crucial evidence concerning this case.  The following documents were omitted by Banco Popular of Puerto Rico:

a)    Letter dated November 7, 1997 whereby Popular Leasing and Rental acknowledge its wrongdoing and informs to Ana Rosa Olivella their intention to fix her bad credit rating before the credit bureaus in Puerto Rico.  **Exhibit B.**

b)    Two letters whereby she was unlawfully collected numerous fictitious charges during the month of February through May, 1998. **Exhibit C and D.**

c)    The agreement to pay only the residual value.  **Exhibit E.**

d)    The debt collection documents produced by Mr. Tomás Aponte, a debt collector.  **Exhibit F.**

e)    The double insurance policy documents whereby Ana Rosa Olivella was forced to pay two insurance premiums.  **Exhibit G and H.**

f)    The debt ledger submitted by Popular Leasing and Rental whereby the lease was characterized as a seventy two months lease when the lease itself was only for a period of sixty months.  This lease schedule was the primary culprit  and reason for which Ana Rosa Olivella was been overcharged for additional principal and interest. **The loan was illegally overextended for twelve more months!  Exhibit I.**

The voluntary omission of said documents by Banco Popular of Puerto Rico creates before the Honorable Court a true shadow of doubt upon their statements.

If we take an overall view of Defendant's motion, the same could be classed as a motion for summary judgment for Defendant Banco Popular

13

of Puerto Rico makes certain factual allegations in paragraph six and seven of its motion which are never grounded under the criteria of Rule 56, and the Local Rule 311.14 as explained in the case of **<u>Vázquez García vs. Trans Union of Puerto Rico</u>**, 222 F. Supp. 1, 150.

Furthermore, Banco Popular of Puerto Rico makes an **<u>olympic</u>** statement whereby it does not acts a <u>debt collector</u> for it alleges is a banking institution, whose principal business is lending.  However, it does not indicate through documentary evidence the <u>nature and extent of said collection procedures,</u> the in-house staff it uses for collection; and more important, the outside agent it used and contracted as a <u>debt collector,</u> specifically Tomas Aponte, who  collected not its own banking debt but the debt owned by Miss Olivella to Popular Leasing and Rental.  No documentary evidence is incorporated in its motion for summary judgment to sustain these missing factual inferences.  It only alleges said facts without any documents to support the same.  Again this is contrary to the doctrine established in Vazquez's case regarding the summary motion requirements.

B)    Criteria under the Federal Debt Collection Act.

Section 1692 (a) of the Federal Debt Collection Act defines terms consumer, creditor and debt:

 3) The term "consumer" means any natural person obligated or allegedly obligated to pay any debt.

 4) The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

 5) The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.  For the purpose of section 1692F(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

 A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor.

 B) any person while acting as a debt collector for another person, both of whom are related by common person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts.

Under these statutory definition and case law, the Courts have established and define these terms, in relation to the facts as presented by Plaintiff.

First, it is imperative to establish if Ana Rosa Olivella is a consumer protected under the Act.  In accordance to the facts stated herein, Ana Rosa Olivella is a consumer for she is a natural person, who purchase a vehicle and assumed a rental contract.  The Nissan Stanza was used principally as personal property to transport herself from her home and to her office, visit her parents, attend social activities with her friends, shop for food, clothing and other social incidental and other personal activities. Also the vehicle was used as a business tool but on a secondary basis. Therefore, the first definition holds and defines Ana Rosa Olivella as a consumer for all purposes of a Section 1692 (a) 3  and  5  of  the Act; although, co-Defendant Banco Popular of Puerto Rico, in its defective motion for summary judgment, tries to define Mrs Olivella as a commercial entity under the lease contract provisions and restriction cited. It should be remembered that said contract was drafted and drawn exclusively by Defendant Popular Leasing and Rental;  and Ana Rosa Olivella had no say to the same. **See Statement of  Uncontested facts Number 10.**

Plaintiff was presented with an adhesion type contract whereby she had no option but to accept or reject the same.  The contract was pre-

printed in form type manner and with numerous copies. Moreover, said clause was violated by Popular Leasing and Rental when its vendors at the point of sale rented the Nissan Stanza to a person who intended its use in a dual basis, but primarily for her personal household needs. **See Statement of Uncontested facts Number** 5. Defendant in their motion for summary judgment have not presented facts to contradict or explain the lease contract, regarding said primary use of the vehicle, i.e., **its consumer use.**

However, the most interesting aspect of Defendant's motion results in Banco Popular of Puerto Rico allegation that is not a debt collector under Section 1692 (a) 6; and did not acted as debt collector to collect the allegedly arrears payments owed by Ana Rosa Olivella. In its motion, Banco Popular of Puerto Rico is trying to shield itself of its liability towards Plaintiff by stating it is only a banking institution and also affiliate of Popular Leasing and Rental; but its fails to fully explain the relation of an independent debt collector known as Mr. Tomás Aponte, who acted as an agent for said banking institution and/or Popular Leasing and Rental. Banco Popular of Puerto Rico, with great technical dexterity invokes Section 1692 (a) (6) and 1692 (a) 6 (B) but fails to

incorporate the judicial reasoning found in **West vs. Costen**, 558 F. Supp. 564. The Court in said cited case stated that corporation (in this case either Popular Leasing and Rental and/or Banco Popular of Puerto Rico) may be vicariously  liable for unlawful and/or wrongful activities of  its independent contractors or agents, which acted as debt collectors under the meaning of the Federal Debt Collection Act.

In the present case,  Mr. Tomás Aponte and its employees, acted as an independent contractor to collect a debt without due process for either Banco Popular de Puerto Rico or Popular Leasing and Rental. Mr. Aponte appeared at Ana Rosa Olivella's residence as well as her parent residence to collect the debt allegedly owed by Plaintiff; and at same time he illegally repossessed her auto without any court order or judicial documents whatsoever. This is particularly relevant for said action was done with the knowledge of both defendants, which knew that they were charging or obligating Ana Rosa Olivella to **a  monthly double insurance premium payment**. Said illegal and erroneous payment had accrued and accumulated over a period of more than a year to the amount of  more that $2,000  in her favor; and before the illegal collection by Mr. Tomas Aponte, Popular Leasing and  Rental  respectively  had  refused  to

acknowledge said credit. This situation promoted by Banco Popular created an impasse; and her decision not to pay any more rental payments to Popular Leasing until said double insurance premium payment conflict could be cleared. **See Statement of Contested Facts 2, 3 & 4.**

Moreover, Banco Popular of Puerto Rico in its dealings as a debt collector by itself and through Mr. Tomás Aponte fails to procedure a extremely important financial facts before the Honorable Court. Although a banking institution is primarily a lending institution; its collection activities for arrear debts are <u>extremely vital to its existence as a banking entity.</u> Most bank work with a very thin layer of capital of its own; most of the lending is done through the use of its deposits. Moreover, federal and state regulatory activities, specifically the Federal Depository Insurance, require that all bank service their loans by having in house collection personnel or outside collection agents. This regulatory requirement is extremely important in order to avoid the collapse of a banking institution through defaulted loans as happen during the Great Depression. Thus, bank collection activities are not primarily but are extremely essential to its survivability as a banking entity. Both activities go hand in hand and are extremely important for a banking institution.

Therefore, it importance to recognized the collection activities of a bank for the same are monthly done by specialized personnel who have the capacity and experience equivalent to a regular collection agency. Taking this into consideration these facts it should be pointed out that Banco Popular of Puerto Rico with the help of independent contractor Mr. Tomás Aponte became constructively a collection agency for all purposes under the law in the name of Popular Leasing and Rental. This is extremely important to understand for at the onset of this case Banco Popular of Puerto Rico requested the dismissal of the cause of action for it alleged its independence corporate existence from Popular Leasing and Rental. On the basis of this allegation, at the very early moments of this case, the Honorable Court dismissed the complaint against Banco Popular of Puerto Rico.

Presently, in the motion for summary judgment, it states is an affiliate but no documents are brought forward to attest said affiliation. Said factual allegation is done without any documentary evidence as required under Rule 56 (c) and therefore any reference to said affiliation must be stricken out from the record.

Therefore, on the basis of the above, this Honorable Court must rule that a debt exist under FDCA; and also that Tomás Aponte was a debt collector, under the Act contracted and vicariously responsible to Banco Popular of Puerto Rico.

**Time Barred Argument:**

Defendant states that the present case under both the Federal Debt Collection Act and Federal Credit Collection Act are time barred. No rationale nor arguments are expressed by Defendant. However the present case is not time barred for Defendant failed to act or committed a tort on February, May and October, 1998, when it continued to both harass and misinform. Plaintiff's credit reputation. Moreover, under local law due to the violation of contract law, whereby the statute of limitation is fifteen years not one year, said defense is inmeritorious. Furthermore, both Defendant have committed <u>continued</u> tort for more than three years as express in the facts of this case. Federal Credit Reporting Act.

Federal Credit Collect Act

The Honorable Court has subject matter in this case for the following grounds.

First, Mr. Olivella personal notified the credit problems she had encounter since 1996 onward to Trans Union. Therefore, she comply.

Second, any reasonable man can infer from the November 7, 20, 1997 letter signed by Sylvia Carmona (Exhibit B), that Banco Popular of Puerto Rico had sufficient notice that Trans Union knew about Mrs. Olivella credit problems and vice versa Banco Popular stipulated to Mrs. Olivella that her credit problems could be solved and even extended an apology with regards to this problem.

Third, since the facts occurred prior to the amendments enter in the year 1999, Mrs. Olivella has a cause of action in accordance to the Vázque's doctrine, supra.

## PRAYER

Therefore, on the basis of the above it is respectfully requested that motion for summary judgment be denied.

**RESPECTFULLY SUBMITTED.**

I CERTIFY that on this same date I have filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the followings: Attorney Ana María Otero and Attorney David

López Pumarejo, by regular mail at P.O. Box 195351, San Juan, PR 00919-5351.

In Caguas, Puerto Rico, this 29 of March, 2006.

/RAFAEL A. OLIVERAS LOPEZ DE VICTORIA
**RAFAEL A. OLIVERAS LOPEZ DE VICTORIA**
USDC: 119606
4G9, CALLE 2, 4TA. SECCION
URB. VILLA DEL REY
CAGUAS, PR 00727-6704
TEL: 744-8588/ FAX: 703-0977
Email: roliveralv@prtc.net