Statement of Unconstested and Contested Facts 3-29-06
Ana R. Olivella
Case No: 98-2267

remitted by Popular Leasing and Rental to Ana Rosa Olivella, which were both incorrect and extremely enormous. **(Exhibit G and H).**

6.    At this time Ana Rosa Olivella became extremely anxious, frustrated, frivols and depressed. She could not sleep, coordinate her ideas, became paranoid and/or suspicious, and saw the encounter situation as a pay back by Banco Popular of Puerto Rico and/or Popular Leasing and Rental against her. **(See Sworn Statement- Exhibit K).**

7.    Around May, 1998 and after numerous meeting and/or conference, Popular Leasing and Rental admitted their errors which was again committed. Thereafter, all fictitious charges were dropped; and she only paid for the residual value of the vehicle in question. **(Exhibit R).** A stipulation was entered between the parties whereby all fictitious charges were finally eliminated; and Ana Rosa Olivella purchase the residual value of the Nissan Stanza. The title of said vehicle was later transferred but the bad credit problem continued for Ana Rosa Olivella. Mr. Guindin also promised to honor the November 7, 1997, letter and its commitment to clear Mrs. Olivella adverse credit rating a title transfer was made on October 2, 1998. **Exhibit R.**

8.    Two (2) weeks after the stipulation between Popular Leasing and Rental and Ana Rosa Olivella, the Plaintiff received a telephone call from a person

7

Ana R. Olivella (Case No: 98-2267
Opposition and Reply to Motion for Summary Judgment

Estimada señora Olivella:

RE:  02-000-07686-00-08337
02-000-07686-00-10451

Las cuentas de referencia reflejan información incorrecta en su historial de crédito.  Hemos procedido a corregir dicha información en la agencia de crédito Trans Union de Puerto Rico, Inc.

Le pedimos disculpas por los inconvenientes que esta situación le haya ocasionado y nos reiteramos a su disposición para cualquier otro asunto que usted entienda podamos serle útil.

Atentamente,

Sylvia Carmona
Supervisora
Servicio al Cliente

At this juncture, Mrs. Carmona personally and constructively knew the negative credit rating.  Mrs. Ana Rosa Olivella had visited or contacted the various credit bureau agencies in Puerto Rico in relation to this problem. **See also Exhibit S** a letter send to Trans Union on September 20, 1996, whereby she told about her credit situation. Mrs. Ana R. Olivella personally and in writing had notified said credit collection agencies of Banco Popular of Puerto Rico's mistakes. Therefore, in accordance with said letter dated November 7, 1997, Popular Leasing and Rental stipulated that Mrs. Olivella's credit situation before Popular Leasing will be fully

8

Ana R. Olivella (Case No: 98-2267)
Opposition and Reply to Motion for Summary Judgment

First, Mr. Olivella personal notified the credit problems she had encounter since 1996 onward to Trans Union. **EXHIBIT S**. Therefore, she comply.

Second, any reasonable man can infer from the November 7, 20, 1997 letter signed by Sylvia Carmona (Exhibit B), that Banco Popular of Puerto Rico had sufficient notice that Trans Union knew about Mrs. Olivella credit problems and vice versa Banco Popular stipulated to Mrs. Olivella that her credit problems could be solved and even extended an apology with regards to this problem.

Third, since the facts occurred prior to the amendments enter in the year 1999, Mrs. Olivella has a cause of action in accordance to the Vázque's doctrine, supra.

## PRAYER

Therefore, on the basis of the above it is respectfully requested that motion for summary judgment be denied.

## RESPECTFULLY SUBMITTED.

I CERTIFY that on this same date I have filed with the Clerk of the Court using the CM/ECF system, which will send notification of such

22