**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Ana R. Olivella-Rivera,<br>         Plaintiff,<br><br>                     v.<br><br>Popular Leasing & Rental, Inc, et al.<br>         Defendants. | Civil No. 98-2267 (JAG/GAG) |

## OPINION AND ORDER

This action was commenced on November 9, 1998 by plaintiff Ana Olivella-Rivera ("Olivella") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. See Docket No. 1. Specifically, Olivella claims that defendants, Banco Popular, Popular Leasing & Rental, and Puerto Rican American Insurance Company (misnomer corrected as Preferred Risk Insurance Company (hereinafter "PRIC")) violated her rights by initiating collections proceedings against her, repossessing her leased vehicle, improperly initiating further collections proceedings after the contract had expired, and neglecting to correct her credit status with the major U.S. credit bureaus. See Docket No. 56 (amended complaint).

On October 20, 2005, defendants Banco Popular and PRIC submitted a motion for summary judgment requesting that all claims be dismissed. See Docket No. 128. In support of dismissal, defendants assert that the FDCPA is not applicable to the present case because the lease contract was a commercial one not protected under the FDCPA. Defendants Banco Popular and PRIC also argue that neither entity is a "debt collector" for purposes of the statute, and that plaintiff's FDCPA claims are time-barred.  Plaintiff argues that she had no say in the preparation of the contract and used the vehicle in question primarily for personal use. See Docket No. 156.  After reviewing the record,  the court **GRANTS** the motion in part, as it pertains to any claims under the FDCPA.

The FDCPA was enacted to protect consumers against abusive debt collection practices by debt collectors.  The statute is comprehensive and explicitly defines "consumer," "debt," and "debt collector," as well as establishes a one-year statute of limitations.  See 15 U.S.C. §§1692a, 1692k(d). Section 1692a(5) of the FDCPA defines "debt" as "any obligation or alleged obligation to pay money arising out of a transaction subject to....primarily for personal, family or household purposes..." The FDCPA is clearly not the applicable statute in this case.  First, the lease contract clearly sets out that "...the [leased vehicle] will be used for business, commercial or agricultural purposes, and will not be used primarily for personal, family or household purposes."  The contract was signed by plaintiff and executed by Popular Leasing. Although plaintiff disputes that the vehicle was for commercial use only, the court cannot ignore the fact that the plaintiff signed the lease thereby finalizing the agreement and acknowledging the detailed clauses of the same.  Second, the contract itself has never been called into question until now.  Plaintiff makes no mention of the contract in her complaint or amended complaint and only now attempts to

**Civil No. 98-2267 (JAG/GAG)**         -2-

challenge its validity.  This argument is misplaced.  Finally, there is a question as to whether defendants would have been classified as "debt collectors" under the FDCPA and whether the timing of the alleged violations would have been time-barred.  However, having satisfied the threshold issue of applicability of the FDCPA, the court need not enter into that analysis.

Therefore, given that the FDCPA is not applicable to plaintiff's case, summary judgment must be entered on behalf of defendants as a matter of law.  The court **GRANTS** defendants' motion for summary judgment on the FDCPA claims only.  (Docket No. 128.)

Defendants have submitted motions for leave to file replies to plaintiff's opposition to the motion for summary judgment.  See Docket Nos. 161, 162.  Defendants shall file their reply as to the remaining claim under the Fair Credit Reporting Act on or before April 24, 2006.  No further extensions shall be granted.  All parties are hereby forewarned that any summary judgment exhibits not in the English language will not be considered.

**SO ORDERED.**

Date:   April 10, 2006

*S/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States Magistrate Judge