IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Ana R. Olivella-Rivera,
    Plaintiff,

v.   Civil No. 98-2267 (JAG/GAG)

Popular Leasing & Rental, Inc, et al.
    Defendants.

### MEMORANDUM OPINION AND ORDER

This matter is before the court on a motion for summary judgment submitted by defendants, Banco Popular and Preferred Risk Insurance Company (incorrectly initially names in the complaint as Puerto Rican American Insurance Company but hereinafter "PRIC"). See Docket No. 128. On April 10, 2006, after initial review, the court partially granted summary judgment on plaintiff's claim pursuant to the Fair Debt Collection Practices Act ("FDCPA") and granted leave for defendants to submit replies as to the remaining Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, claim on or before April 28, 2006. See Docket Nos. 163 – 164, 166. The time for filing further memoranda regarding this issue has passed, thus, the court now issues its order. The court **DENIES** defendants' motion for summary judgment on plaintiff's FCRA claim. (Docket No. 128.)

This action was commenced on November 9, 1998 by plaintiff Ana Olivella-Rivera ("Olivella") alleging violations of the FDCPA and the FCRA. See Docket No. 1. Specifically, Olivella claims that defendants, Banco Popular, Popular Leasing & Rental, and PRIC, violated her rights by initiating collections proceedings against her, repossessing her leased vehicle, improperly initiating further collections proceedings after the contract had expired, and neglecting to correct her credit status with the major U.S. credit bureaus. See Docket No. 56 (amended complaint). The court notes that all parties have complied with Local Rule 56.

Banco Popular and PRIC assert that summary judgment is warranted in this case because the FCRA is not applicable. Specifically, defendants argue that section 16821s-2(b) of the Act does not allow Olivella a private cause of action because it does not impose a duty upon them, as furnishers of information, to report any inaccurate or incomplete information to consumer reporting agencies until notice has been given to them of a dispute **by the reporting agency**. See 15 U.S.C. § 1681s-2(b); Vazquez Garcia v. Trans Union of P.R., 222 F.Supp.2d 150, 158 (2002) (emphasis added). Defendants argue that Olivella failed to dispute the claim and thus fails to satisfy the requirements. However, a review of the record indicates otherwise.

Plaintiff offers specific correspondence from Banco Popular indicating that the bank was indeed notified of the inaccuracies and affirmatively promised to correct them. See Docket No. 158, Exhibit B. At minimum, this exhibit demonstrates a dispute of fact and creates a genuine issue for trial. See Fed. R. Civ. P. 56(e). Where a genuine factual issue remains, resolution of which

**Civil No. 98-2267 (JAG/GAG)**             -2-

could affect the outcome of the case, the court must deny the motion.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 284 (1986).  Therefore, defendants' motion for summary judgment is **DENIED** as to the issue of the FRCA.

The court notes that it has taken into consideration plaintiffs exhibits, most of which are in Spanish.  Given that the court's denial of summary judgment does not dispose of the case, the reliance on this document is not detrimental to final judgment.  In order for a speedy progression of this case, the court renders its decision today but orders plaintiff to translate the exhibits by the date of the next pretrial conference.  The date of the pretrial conference will be announced to the parties at a later point.

The court strongly forewarns plaintiff that translation of the documents is essential.  Failure to comply with the court's order may result in sanctions, including the vacating of this order,  and will undoubtedly hamper a swift resolution to an already hindered case.  Full and timely compliance is crucial.

**SO ORDERED.**

Date:   May 1, 2006

*S/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States Magistrate Judge