**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Ana R. Olivella Rivera<br>**PLAINTIFF**<br>                    Vs.<br><br>Popular Leasing and Rental, Inc.,<br>and others.<br>        **DEFENDANTS** | **Civil No. 98-2267 CC**<br><br>**CREDIT COLLECTION<br>DAMAGES** |

# AMENDMENT PRETRIAL CONFERENCE ORDER

**TO THE HONORABLE COURT:**

The instant case having come before the Court at a Pretrial Conference held in

pursuant to Rule 16 of the Federal Rules of Civil Procedure, 28 US.C, and Rule

314.3 of the Local Rules of this Court:

## I.  COUNSEL FOR THE PARTIES

**Plaintiff:**

Plaintiff, Ana R. Olivella Rivera, is represented by attorney Rafael A.

Oliveras López de Victoria, 4G9, Calle 2, 4ta. Sección, Urb. Villa del Rey,

Caguas, PR  00727-6704, telephone number (787) 744-8588, fax number (787)

703-0977 and email: roliveralv@prtc.net.

**Co-Defendant Popular Leasing and Rental:**

Co-Defendant Popular Leasing and Rental, Inc., is represented by attorneys José R. Díaz Ríos, of Pérez Pietri & Díaz Ríos, PO Box 190743, San Juan, P.R. 00919-0743 Tel. 792-7013/ Fax: 792-8520 and David López Pumarejo Box 195351 San Juan, Puerto Rico 00919-5351 Phone 765-5117 Fax 765-3098.

**Co-defendants Preferred Risk Insurance Company and Banco Popular de Puerto Rico:**

Ana M. Otero, Esq., of Bufete Otero & López, PO Box 9023933, San Juan, PR 00902-3933, Telephone: 724-4828/ Fax : 722-7662, email: otelo@prtc.net represents Codefendants Preferred Risk Insurance Company and Banco Popular de Puerto Rico.

The conference between the attorneys was held on February 25, 2005, on the at office of Rafael A. Oliveras López de Victoria and present were the Attorneys for Defendant.

## II.    AMENDMENT TO THE PLEADINGS

**Plaintiff:**
None at this time.

**Co-Defendant Popular Leasing and Rental:**

**Co-defendants Preferred Risk Insurance Company and Banco Popular de Puerto Rico:**
None at this time.

## III.   <u>NATURE OF ACTION AND JURISDICTION</u>

**Plaintiff:**

The present action is brought by co-plaintiff Ana R. Olivella and her parents in accordance with the Federal Debt Collection Act and Federal Credit Reporting Act 15 USCA 1601, 1681, 1692; and also under the Contract Section of Civil Code of Puerto Rico and Article 1802 of said code.  Plaintiff claim economic mental and emotional damages due to the negligent acts and or omissions created by Popular Leasing and Rental, Inc., its agents officers and/or employees.  As expressed in the complaint, Plaintiff suffered credit damages as well as physical and emotional stress due to said negligent acts and omissions.

Plaintiff invoke the Court's jurisdiction under both Federal Debt Collection Act, supra and the Federal Credit Reporting Act, supra.  Pendent jurisdiction is also invoked under the Civil Code of Puerto Rico both under contract and tort law.

**Co-Defendant Popular Leasing and Rental:**

This is an action for Credit Collection Damages under the Federal Debt Collection Act, 15 USCA  1601   1681, 1692**.**

**Co-defendants Preferred Risk Insurance Company and Banco Popular de Puerto Rico:**

This is a action for credit collection damages under the Federal Debt Collection Act, 15 USCA 1601, 1681 and 1692 and under Article 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A. 5141**.**

## IV.   <u>FACTUAL VERSION</u>

**Plaintiff:**

On October, 1989,  Mrs. Ana Rosa  Olivella  commence working as office manager  in  All-in- One Human Resources Services, Inc.,  located at Fernandez Juncos Ave. Num. 1452, Santurce, Puerto Rico.

**As of** September,  1992, **Mrs. Ana Rosa Olivella lived** in San Juan,  Puerto Rico,  specifically at the Miramar Plaza Condominium.  Her only employment at the time was with All-in-One Human Resources Services, Inc. She was never an officer, stockholder or director of said employment agency. She had no commercial,  business or agricultural activities.

On September 1992, coPlaintiff Ana Rosa Olivella leased a brand new Nissan Stanza, Model 1992 from Popular Leasing and Rent, Inc. The terms of the contract were set only by the lessor in an adhesion type contract, where lesse had no say in the terms of said contract.  The lessor knew the personal circumstances of  the lessee. She was never told not to use the leased vehicle for personal activities and used Plaintiff Olivella credit rating to approve the financial lease. Said credit rating had the classification of  a personal rating not a business classification in order to obtain the vehicle financing.   Never Popular Leasing used the business credit rating of All-in-One  which was the employer of Mrs. Ana Rosa Olivella.  The classification of the financial lease was wrongfully given

solely by Popular Leasing; but the fact of the matter is that the financial leave is a personal lawn given to Mrs. Olivella, who had no control over said classification. She only simply went to purchase a vehicle with Popular Leasing.

The terms set **only** by Popular Leasing of the financial lease consisted mainly that co-Plaintiff Ana Rosa was to pay in monthly installment the amount of $593.00, up to the aggregate of $21,000.00, approximately.  This monthly amount represented the principal, interest charges, insurance premium for a full cover policy, property taxes, motor vehicle licenses and other miscellaneous charges  regarding the rental agreement with the parties.  On the other hand, Popular Leasing and Rental, Inc., obligated itself to pay insurance premiums, taxes, and other charges payable to third parties, regarding the operation of said vehicle.  In addition to Defendant Popular Leasing and Rental, Inc., contractually granted co-Plaintiff Ana R. Olivella the peaceful, public and continuous use of the above described vehicle.

Notwithstanding, these obligations by codefendant Popular Leasing and Rental, Inc., co-Plaintiff Ana Rosa became a victim of non-contributory negligence by Popular Leasing and Rental, Inc., its agents, offices and employees in these main occurrences.

In violation of the lease agreement and after the codefendant had accepted the original insurer, Popular Leasing and Rental, Inc., required from Ana Rosa

Olivella to purchase an additional insurance policy from Puerto Rico American Insurance Company. This additional insurance coverage was unnecessary and costly. It represented on additional monthly charge of $197.00. Not withstand, this additional coverage, Puerto Rico American Insurance Company refused to grant coverage in an account whereby Ana Rosa Olivella became involved.

Second, Popular Leasing and Rental, Inc., initiated collection procedure against Ana Rosa Olivella not withstand the fact that the lease payments were not in arrears. At the time of said collection, Plaintiff vehicle was illegally repossessed by Popular Leasing and Rental, Inc. The repossession of said vehicle was done by instruction of co defendant Popular Leasing and Rental, Inc.

Plaintiff Ana Rosa Olivella was humiliated, demeaned and harassed by Popular Leasing and Rental, Inc., it agents, employees and officers in front of her family, friends and business associates.

To recuperate the repossessed vehicle, Ana Rosa Olivella had to request from her parents financial help; said co-Plaintiff extended a lump sum of $3,000.00 approximately to co-Plaintiff; and she proceed to paid the illegal and unwarranted financial charges and unlawfully collected. After said payment was made, Plaintiff recuperated the reposed Nissan Stanza.

It was after this repossession incident, that Ana Rosa Olivella become fully aware of the fictitious areas payment that co-defendant Popular Leasing and

Rental, Inc., charged.  In a letter submitted by Popular Leasing and Rental, Inc., to Ana Rosa Olivella, the leasing company accepted its errors and requested apologies from Ana Rosa Olivella.

Both the illegal repossession and its aftermath brought forward a total nervous breakdown of co-Plaintiff Ana Rosa Olivella which required prompt medical attention.

To make matters worse, and notwithstanding Popular Leasing and Rental, Inc., acceptance of its errors in collection and repossessing practices it created the ultimate burden and damages to Ana Rosa Olivella:  Popular Leasing and Rental, Inc., notified to credit bureaus of Puerto Rico that she was arrears; and that Popular Leasing and Rental, Inc., reported to said credit bureau agencies that the leased vehicle contract had become a credit loss for all financial purposes of said party.  Therefore, said credit agencies reported to all parties requesting credit information of co Plaintiff Ana Rosa Olivella an alleged morosely.

Third, due to the malicious and incompetent financial and administrative practices of Popular Leasing and Rental, Inc.,, again for the second time Popular Leasing and Rental, Inc., charges the amount of $8,000.00 in fictitious charges. This charges were brought to the attention of Ana Rosa Olivella after she had signed a general release whereby Popular Leasing and Rental, Inc., stating that Ana Rosa Olivella had no debt pending.  This release was signed as part of

purchase agreement with Popular Leasing and Rental, Inc., whereby Ana Rosa Olivella acquire the legal and equitable title of Nissan Stanza.

As the result of these three incidents, co-Plaintiff Ana Rosa Olivella suffered economic, mental, physical and moral damages. In terms of economic damages, co-Plaintiff Ana Rosa Olivella suffered the following:

a)    Loss in the used of her vehicle for professional and personal purposes for almost five (5) days..

b)    Unfavorable credit rating to her person and toward her business.

c)    An extraordinary economic burden imposed by Popular Leasing and Rental, Inc., to Ana Rosa Olivella in trying to cope with the repossession and its solution.

d)    Loss of salaries due to credit problems brought forward by Popular Leasing and Rental, Inc., negligent acts and/or omissions.

Ana Rosa Olivella also had mental and physical damages that may be summarized as follows:

a)    Lack of mental concentration and coordination due to the incredible tension she had suffered as the result of the Popular Leasing and Rental, Inc., collection practices, its errors and omission, the illegal reposition, and finally, the harassment she received.

b)    High blood pressure due to the incidents which required medical attention.

c)    Plaintiff Ana Rosa Olivella became very anxious and depressed due to these incidents.

d)    Constant insomnia and headache.

Lastly, Ana Rosa Olivella has been denigrated and humiliated by Popular Leasing and Rental.   She has suffered numerous humiliations when she has requested loans and other credit remedies.

**Co-Defendant Popular Leasing Rental**

On or about September 25, 1992 Plaintiff Ana R. Olivella Rivera and Popular Leasing & Rental, Inc., signed a contract titled ¨Lease Agreement¨ by which   Popular Leasing provided financing for a Nissan Stanza automobile acquired by Plaintiff.

Plaintiff failed to make payments on time and defaulted on her obligations.

Plaintiff requested a liquidation balance of her debt, proposed a settlement and finally made payments canceling the debt for a lesser amount that was owed to Defendant.

**Co-defendants Preferred Risk Insurance Company and Banco Popular de Puerto Rico:**
See paragraph V hereinafter, Factual and Legal Contentions.

## V.  FACTUAL AND LEGAL CONTENTIONS

**Plaintiff:**

Plaintiff legal theory can be summarized as follows:

In this action, Plaintiff Ana Rosa Olivella seek to recover damages from Defendant due to mental and moral anguish cause by the omissions, errors and inequities brought forward by Defendant, its officers, director, agents and employees.

Defendant actions are summarized in averment number two of complaint which state three causes for redress, namely:

a)    Defendant causes Plaintiff to buy additional insurance coverage with no apparent reason.  This additional coverage represented $197.00 in additional payments for the entire life of lease.

b)    Codefendants Popular Leasing and Rental, initiated illegal collection procedures against defendant is stated in complaint.  She lost her credit standing in Puerto Rico.  To this day, Ana Rosa Olivella account appears as a loss in the credit bureau agencies that serve Puerto Rico.

c)    Moreover, Plaintiff was maliciously harassed, denigrated and humiliated for a collection of $8,000.00, which are not real but a fictitious charge.

Plaintiff has suffered mental and moral anguish; and nervous breakdown due to this situation she is presently depressed.

**Co-Defendant Popular Leasing and Rental, Inc:**

The contract signed between the parties has as the last condition printed in capital and bold letters the following:

LESSE ACKNOWLEDGES RECEIPT OF A COPY OF THIS LEASE, CONFORMING TO THE ORIGINAL HEREOF AND REPRESENTS AND WARRANTS THE UNIT WILL BE USED FOR BUSINESS, COMMERCIAL OR AGRICULTURAL PURPOSES, AND **WILL NOT** BE USED FOR PERSONAL FAMILY OR HOUSEHOLD PURPOSES, THIS LEASE IS NOT A CONSUMER LEASE WITHIN MEANING OF THE CONSUMER LEASING ACT OF 1976.

Pursuant to 15 USC 1692 (a), collection efforts regarding any debt that is not primarily for personal, family or household purposes is accepted from FDCPA. Plaintiff has no cause of action under said statute.

The complaint fails to show even a scintilla of facts that may favorably be constructed as describing any practice or conduct incurred by defendant that is remotely violate of FDCPA or FCRA.

Defendant did not engage in any collection practice prohibited by Fair Debt Collection Practices Act (FDCPA) 15 USC 1692. The complaint does not show any particular allegation of fact construing such a violation**.**

The FDCPA prohibits ¨debt collector (s)¨ from using ¨ any false, deceptive, or misleading representation or means in connection with the collection of  any debt.¨ 15 USC 1692 e. A ¨debt Collector¨  is defined as *any person who uses any instrumentality of interstate commerce or the mails in any business the principal purposes of which is the collection of any debts or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another*. *15 USC 1692 a(6).*  In this case the complaint does not include any allegation that Popular Leasing was collecting a debt owed by a third person, nor that any other person on behalf of  Popular Leasing was trying to collect a debt from plaintiff.  As a general matter, creditors are not subject to the FDCPA.

Similarly, a creditor's in-house collection division, is not considered a debt collector ¨*so long as (it uses) the creditor´s crue business name when collecting.*¨ S. Rep. No. 95-382 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1698.  An in-house collect on unit will be exempt from the provisions of the FDCPA if it collects its own debts in the true name of the creditor or a name under which it has consistently done business.  See *Kempf v. Famous Barr Co.,* 676 F. Supp. 937, 938 (E.D. No. 1988).  See also *Maguire v. Citicorp Retail*, 2nd. Circuit decided on July 1, 1998.

Defendant causes of action are time barred.  Section 1692k(d) of FDCPA provides that actions to enforce liability created by the FDCPA must be brought ¨within one year from the date on which the violation occurs.¨ In *Maahs v. United States*, 840 F.2d 863, 866-67 (11th Cir. 1988), the US District Court for the 11th Circuit held that the method of calculation used in Rule 6(a) of the Federal Rules of Civil Procedures generally applies to statutes such as the FDCPA which were enacted after the Federal Rules of Civil Procedure were adopted in 1937.

The complaint fails to ascertain the nature of the damages claimed as a consequence of any particular wrongdoing on behalf of Defendant.

Any and all alleged violations of  FDCPA and FCRA, all of which are denied, were not international and were the product of bona fide errors, notwithstanding the maintenance of  procedures reasonably adapted to avoid such error.

## Co-Defendants Preferred Risk Insurance Company and Banco Popular de Puerto Rico:

On  September 25, 1992,  Plaintiff Ana R. Olivella Rivera and Popular Leasing & Rental, Inc. signed a contract titled "Lease Agreement" by which Popular Leasing provided financing for a Nissan Stanza automobile acquired by Plaintiff.

From December 12, 1992, plaintiff started failing in making payments on time defaulting her obligations with Popular Leasing.  According to her collection

data, from seventy-two payments only eight were done as scheduled. That means that sixty- four payments were in arrears.  Also, her lease history record shows payments with insufficient funds.

Co defendant Banco Popular de Puerto Rico, at that time was acting as Popular Leasing's collection agency.  Popular Leasing provided Banco Popular information regarding plaintiff's payment status in order to proceed with collection activities. Co defendant, Preferred Risk Insurance Company at that time, was the insurance carrier of Banco Popular.  The policy issued by Preferred Risk Insured  is subject to its terms, clauses, conditions, exclusions and limits.

Due to her constant arrears, on June 14, 1996, plaintiff voluntarily returned the unit to Popular Leasing.  On June 17, 1996, plaintiff made a payment in the amount of $2,235. 95, putting her account update, in order to recover the car.

Finally, on or about May 28 1998, plaintiff requested a liquidation balance of her debt, proposed a settlement canceling the debt for a lesser amount that was owed to Defendant.

Co defendant Banco Popular has acted at all relevant time to this action in good faith, and collection procedures were initiated as requested and according to the information provided by Co defendant Popular Leasing.

Banco Popular did not engage in any collection practice prohibited by Fair Debt Collection Practices Act (FDPCA) 15 USC 1692.  A creditor's in-house

collection division, is not considered a debt collector and will exempt from the provisions of the FDPCA if it collects its owns debts in the true name of the creditor.

On the other hand, the complaint fails to state a claim upon which relief can be granted under the Consumer Protection Act, Fair Credit Reporting Act or Fair Credit Collection Act.  The lease agreement stated as follows:

" Lessee acknowledges receipt of a copy of this lease, conforming to the original hereof and represents and warrants the unit will be used for business, commercial or agricultural purposes, and will not be used for personal, family or household purposes, **This lease is not a consumer lease within the meaning of the Consumer Leasing Act of 1976"**.

The contract, specifically, limits the use of the unit to business, commercial or agricultural purposes. The credit transaction conducted with Plaintiff is exempted from the Fair Dept Collection Act.  Nevertheless, plaintiff invokes the court jurisdiction under 15 USC sections 1601, 1681, 1692, Federal Collection Act and Federal Reporting Act.

Pursuant to 15 USC 1692(a), collection efforts regarding any debt **that is not primarily for personal, family or household purposes is excepted from FDCPA**.  Plaintiff has no cause of action under said statute.

In the alternative, alleged causes of action are time barred. Section 1692k (d)

of FDCPA provides that actions to enforce liability created by the FDCPA must be brought "within one year from the date on which the violation occurs. As confirmed during depositions all the alleged violation occurred in 1993, 1994, 1995 and 1996. The complaint was filed on November 9, 1998, therefore all causes of action are time barred.

## VI. <u>UNCONTESTED FACTS</u>

**Plaintiff:**

a)    Popular Leasing and Rental is the lender and/or lessor of a vehicle purchased by Plaintiff Ana Rosa Olivella.

b)    To effectual said purchase a lease agreement was entered between Popular Leasing and Rental and Ana Rosa Olivella.

c)    That lessor required from Ana Rosa Olivella an additional Insurance policy in addition to her current one as establish in lease.

d)    That lessor illegally reposed Ana Rosa Olivella vehicle July 1996.

**Co-Defendant Popular Leasing and Rental:**

On or about September 25, 1992 Plaintiff Ana R. Olivella Rivera and Popular Leasing & Rental, Inc., signed a contract titled ¨Lease Agreement by

which   Popular Leasing provided financing for a Nissan Stanza automobile acquired by Plaintiff.

Plaintiff failed to make payments on time and defaulted on her obligations.

Plaintiff requested a liquidation balance of her debt, proposed a settlement and finally made payments canceling the debt for a lesser amount that was owed to Defendant.


**Codefendants Preferred Risk Insurance Company and Banco Popular de Puerto Rico :**

1.   On September 25, 1992 Plaintiff Ana R. Olivella Rivera and Popular Leasing & Rental, Inc. signed a contract titled "Lease Agreement" by which Popular Leasing provided financing for a Nissan Stanza automobile acquired by Plaintiff.  See exhibit A of this motion.

2.   The lease contract states that the unit will not be used for personal, family or household purposes.

3.   Popular de Puerto Rico, was acting as Popular Leasing's collection agency.

4.   Preferred Risk Insurance company, at time of the alleged facts was the insurance company for  Banco Popular de Puerto Rico.

5.   The lease agreement stated, as part of its terms and conditions that before any unit is delivered to lessee, lessee will provide lessor with a certificate according to the coverage limits and conditions requested by lessor in the contract.

6.    On June 14, 1996, plaintiff voluntarily returned the unit to Popular Leasing.

7.    On June 17, 1996, plaintiff made a payment in the amount of $2,235. 95 in order to recover the unit.

8.    On or about May 28 1998, plaintiff requested a liquidation balance of her debt and proposed a settlement through which she paid $4,500.00.

## VII.    STATEMENT OF THE CONTESTED MATERIAL FACTS

**Plaintiff:**

1.    Throughout said lease, plaintiff was a victim of three events promoted and instigated by Popular Leasing and Rental, Inc., its agents, officers and/employees.

2.    Defendant Popular Leasing and Rental, Inc., illegally required additional insurance coverage, (Puerto Rico American Insurance Company, Policy (Triple S, Inc., policy number PAP-006569-58).

3.    Popular Leasing Rental Company, initiated collection procedure against Plaintiff Ana Rosa Olivella Rivera, notwithstanding the fact that the lease was not in arrears, and therefore, only owed the Current payment to lessor.

4.    Popular Leasing maliciously started the collection of approximately $8,000.00 for fictitious charges.  Plaintiff was harassed, denigrated and humiliated in from of employees and third  parties.

5.    Mental and Moral damages suffered by Plaintiff are in controversy.

6.    Punitive damages are also in controversy due to the malicious acts of Defendant.

7.    Plaintiff´s attorney fees and costs are contested due to the Popular Leasing's temerity and opposition.   See also reply to motion for summary judgment.

**Co-Defendant Popular Leasing and Rental:**

1.    Defendant Popular Leasing Rental, Inc., obligated itself to pay ill insurance premiums, taxes and other charges regarding the operation of said vehicle.

2.    Throughout said lease, plaintiff was a victim of three events promoted and instigated by Popular Leasing and Rental, Inc., its agents, officers and/employees.

3.    Defendant Popular Leasing and Rental, Inc., illegally required additional insurance coverage, (Puerto Rico American Insurance Company, Policy (Triple S, Inc., policy number PAP-006569-58).

4.    Popular Leasing Rental Company, initiated collection procedure against Plaintiff Ana Rosa Olivella Rivera, notwithstanding the fact that the lease was not in arrears, and therefore, only owed the Current payment to lessor.

5.    Popular Leasing maliciously started the collection of approximately $8,000.00 for fictitious charges.  Plaintiff was harassed, denigrated and humiliated in from of employees and third  parties.

## Co-defendants Preferred Risk Insurance Company and Banco Popular de Puerto Rico:

1. Since December 12, 1992, plaintiff started failing in making payments on time, this defaulting her obligations with Popular Leasing.  From seventy two payments only eight were done as scheduled.

2. Plaintiff's lease history record shows payments with insufficient funds.

3. Banco Popular de Puerto Rico was at the time acting as Popular Leasing's collection agency.  Popular Leasing provided Banco Popular information regarding plaintiff's payment status in order to proceed with collection activities.

4. Due to her constant arrears, on June 14, 1996, plaintiffs voluntarily returned the leased unit to Popular Leasing.

5. On June 17, 1996, plaintiff made a payment in the amount of $2,235.95 to put her account update in order to recover the vehicle.

6. On or about May 28, 1998 plaintiff requested a liquidation balance of her debt, proposed a settlement canceling the debt for a lesser amount that was owed to defendant.

# VIII.    WITNESS

**Plaintiff:**

The following are the possible witness in this case subject to discovery proceeding.

a.    Ana Rosa Olivella Rivera, will testify in relation to the allegations in complaint.

b.    Margarita M. Olivella Rivera, will testify in relation to mental and moral anguish suffered by Ana Rosa Olivella Rivera.

c.    Silvia Carmona - Hostile witness.

d.    Representative of Preferred Risk

e.    Representative of Triple SSS.    Whereby it acknowledge the certificate of Triple SSS, Co.

f)    Trans Union officers acknowledging the existence of the credit reports dated 1999 to 2003.

g)    Attorney Dominguez Wolf to acknowledge a letter remitted to plaintiff requesting payment of fictitious debt.

h)    The following credit officers will be call to acknowledge unfavorable credit requests:

      i.    R & G Mortgage

      ii.    General Motors Acceptance Corp.

        iii.     Sprint

        iv.    Citibank, N.A.

   i)     Attorney of Triple SSS

   j)     Hostile witness Mr. Tomás Aponte.

## Co-Defendant Popular Leasing and Rental:

a)     Gladys M. Molina, Auxiliary Vice President of Popular Leasing will testify regarding defendants office file and the documents contained therein, as well as regarding collection and business procedures established at Popular Leasing.

This witness will require interpreter.

b)     Miguel Guindín, Collection Supervisor at Banco Popular will testify regarding defendant's office file and the documents contained therein, as well as regarding collection and business procedures reestablished at Popular Leasing. This witness will require interpreter.

## Codefendants Preferred Risk Insurance Company and Banco Popular de Puerto Rico :

1. Noemí Molina,

2. Orlando Alvarado,

3. Evelyn Santana, Popular Leasing Customer Service Supervisor

4. Yamil Maldonado, Credit Customer Service Vice president   to Banco Popular.

## IX.  DOCUMENTARY EVIDENCE

**Plaintiff:**

a.      Lease Agreement between Banco Popular Leasing & Rental Inc., and Ana R. Olivella Rivera and its schedule.  This is the main contract that both parties signed.

b.      Letter dated April 27, 1997 signed by Ana Rosa Olivella for the payment of $4,000.00.

c.      Certificate of Insurance Policy issued by Preferred Insurance Company.

d.      Certificate of Insurance Policy signed by Triple S, Co.

e.      Letter remitted to Popular Leasing send by Ana Rosa Olivella Rivera with regards to insurance coverage as requested by Popular Leasing.

f.      Cancellation notice remitted by Preferred Insurance Company.

g.      Letter signed by Silvia Carmona supervisory officer customer service department of  Popular Leasing and Rental Co., dated November 7, 1997.

h.      Debt certification letter dated September, 1998, remitted by Popular Leasing & Rental and signed by Miguel A. Guindin.

i.      Credit Bureau Report dated 1999, 2000, 2001, 2002, 2003.

j.    Credit Bureau Report dated 1997.

k.    Letter dated December 17, 1996, remitted by Popular Leasing requesting the full payment of liquidation balance at said date.

l.    Letter remitted by attorney Sergio Dominguez Wolf, whereby the amount of $9,381.42 is illegally claimed to plaintiff.

m.    Manager's check no. 005028, whereby by full payment is made to Popular Leasing.

n.    Confirmation regard vehicle repossession dated June 14, 1996, signed by Miguel Guindin and/or an official of Banco Popular.

o.    Letter signed by Mrs. Ana R. Olivella dated May 15, 1996 and remitted to Tomás Aponte, independent adjuster contracted by Popular Leasing & Rental Company whereby plaintiff states that she has evidence showing that these is no accumulated and/or outstanding debt.

p.    Audit Report remitted by Popular Leasing & Rental Company, dated February 23, 1996, requesting if pending balance owned by plaintiff is correct.

q.    Credit denial report dated by January 2004, April 2004, March, 2002, August 18, 1998, August 10, 1998, July 17, 1998, September 20, 1996, issued by various financial institution.

r.    Civil case file num. **ADP1996-0108** of the Court of  First Instance, District of Aguadilla. Popular Leasing & Rental Company as well letter signed by

Myriam Ramos dated June 5, 1996 and letter sent by Triple SSS in relation to said case signed by Joaquin Feliciano.

      s.     Letter signed by Mrs. Ana R. Olivella to customer service representative Mrs. Silvia Carmona requesting status of correction of credit report to Trans Union of Puerto Rico as letter November 7, 1997.

      t.     Letter to Mrs. Evelyn Santana, manager of Customer Relation signed by Mrs. Ana R. Olivella requesting for the second time the correction of credit information to Trans Union de Puerto Rico, Inc.

      u.     Letter to Trans Union of Puerto Rico dated December, 1997, requesting credit correction of her credit report. Attached thereto are the letter dated November 7, 1997, signed Mrs. Silvia Cardona.

      v.     Letter remitted by Isla Repossession on January, 1999, when it again try to collects the alleged illegal arrear payments of February 23, 1996.

      w.     Sprint denial letter for credit.

      x.     Credit denial of Citibank dated August 10, 1998.

      y.     General Motors Acceptance Corporation's credit denial letter dated August 18, 1998.

      z.     Statement of credit denial of R & G Premier Bank, dated May 9, 2002.

aa.    Trans Union Credit Report whereby Banco Popular alleged credit balance was charged as a loss.

**Co-Defendant Popular Leasing and Rental:**

a.    Lease Contract.

b.    Retail Installment Contract Insurance Premium Financing.

**Codefendants Preferred Risk Insurance Company and Banco Popular de Puerto Rico :**

1.  Lease Contract

2.  Plaintiff payment history record

3.  Plaintiff 's Collection record

4.  Letter sent by plaintiff, dated April 23,1997 addressed to Evelyn Santana, Popular Leasing Customer Service Supervisor.

5.  Letter sent to Ana Olivella on February 23, 1996 by Yamil Maldonado Credit Customer Service Vice president to Banco Popular.

6.  Letter sent to plaintiff on May 29, 1998, by Miguel Guindín.

## X.  <u>DISCOVERY PROCEEDINGS</u>

**Plaintiff:**

Concluded except co-defendant Preferred Risk Insurance Company and Banco Popular de Puerto Rico has not answered the interrogatories.

**Co-Defendant Popular Leasing and Rental, Inc.:**

Terminated**.**

**Codefendants Preferred Risk Insurance Company and Banco Popular de Puerto Rico :**

None further discovery is needed.

## XI.  PROPOSED EXPERT WITNESS

**Plaintiff:**

None.

**Co-Defendant Popular Leasing and Rental, Inc.:**

None.

**Codefendants Preferred Risk Insurance Company and Banco Popular de Puerto Rico:**

None expert witness has been hired by co defendant herein appearing.

## XII.   PENDING MOTIONS

**Plaintiff:**

Plaintiff opposes any dispositive motion at this time for the same are tardy.  Moreover, Defendants had filed prior dispositive motions before this Honorable Court; which were denied.  The motion filed on September 23, 2005, has been filed in a tardy manner which has caused the amendment of this pretrial order.  Plaintiff request that said motion for dismissal be stricken from the record.

**Co-Defendant Popular Leasing and Rental, Inc.:**

None.

**Codefendants Preferred Risk Insurance Company and Banco Popular de Puerto Rico:**

A joint Motion for summary judgment by Popular Leasing and Banco Popular will be filed, alleging that plaintiff has no cause of action under Consumer Protection Act, Fair Credit Reporting Act or Fair Credit Collection Act.

## XIII.    <u>LIMITATION AND RESERVATION</u>

**Plaintiff:**

The Plaintiff reserves the right to further supplement the list of witnesses and the list of documentary exhibits upon application to the Court, and for good cause shown.

The plaintiff reserved the right to call such rebuttal witnesses as may be necessary without prior notice thereof to the other party.  Hurricane George stroke Puerto Rico on  September 26, 1998 and cost extreme damage to the island, specifically that the electric power supply.  The Supreme Court of Puerto Rico emitted a resolution whereby all legal statutory terms where suspended for almost a month an a half.  Therefore, under this resolution the complaint filed herein was done within the terms of said resolution.

**Co-Defendant Popular Leasing and Rental:**


**Codefendants Preferred Risk Insurance Company and Banco Popular de Puerto Rico:**
  Co-defendants reserve the right to supplement the list of witness and documentary evidence.   The right to use all the documentary evidence listed by plaintiff and the right to call rebuttal witnesses is also reserved by co defendants.


## XIV. <u>ESTIMATED LENTH OF TRIAL</u>

**Plaintiff:**
  Plaintiff estimates that trial should take at least two (2) days.


**Co-Defendant Popular Leasing and Rental:**
  Two (2) days.


**Codefendants Preferred Risk Insurance Company and Banco Popular de Puerto Rico:**
  Three days are estimated.


## XV. <u>INTERPRETER:</u>

  Parties agree that on interpreter will be needed.


## XVI. <u>TECHNICAL WORKS</u>

  All parties agree none at this moment.

## XVII.   OTHER MATTERS :

All Parties:

    None.

**RESPECTFULLY SUBMITTED.**

In Caguas, Puerto Rico, this 31st. day of  May, 2006.

        s/RAFAEL A. OLIVERAS LOPEZ DE VICTORIA
        **RAFAEL A. OLIVERAS LOPEZ DE VICTORIA**
        USDC: 119606
        4G9, CALLE 2, 4TA. SECCION
        URB. VILLA DEL REY
        CAGUAS, PR  00727-6704
        TEL: 744-8588/ FAX: 703-0977
        Email: roliveralv@prtc.net

**BUFETE CATALÀ MORALES**
Attorneys for Banco Popular of PR
and Preferred Risk Insurance Company
PO Box 70244
San Juan PR  00936-8244
Telephone: 250-5130       Fax : 772-8406
By:   Dagmar A. Adorno Toro
USDC: 213407
Email : dagmara@mapfrepr.com

**BUFETE OTERO & LOPEZ, LLP**
Attorney for Banco Popular de PR
and Preffered Risk Ins. Co.
Alexis D. Matei Barrios
USDC: 113610
P.O. Box 9023933
San Juan, PR  00902-3933
Tel: 724-4828/  Fax: 722-7662
Email: otelo@prtc.net

PEREZ PIETRI & DIAZ RIOS
José R. Díaz Ríos
Attorney for Popular Leasing and Rental, Inc.
P.O. Box 190743
San Juan, Puerto Rico  00919-0743
Tel: 792-7013   Fax:  792-8520
        &
David López Pumarejo
Attorney for Popular Leasing and Rental, Inc.
USDC: 123711
Box 195351
San Juan, Puerto Rico  00919-5351
Tel: 765-5117
Fax: 765-3098