UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| ANA R. OLIVELLA RIVERA | * | CIVIL NO.: 98-2267 (JAG) |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | |
| | * | JURY TRIAL DEMANDED |
| POPULAR LEASING AND RENTAL, INC., | * | |
| ET AL. | * | |
| | * | |
| Defendants | * | |
| | * | |
| ------------------------------------------------------------------* | | |

JOINT  PRETRIAL CONFERENCE ORDER

TO THE HONORABLE COURT:

The instant case having come before the Court at a Pretrial Conference held in pursuant to Rule 16 of the Federal Rules of Civil Procedure, 28 US.C, and Rule 314.3 of the Local Rules of this Court:

COUNSEL FOR THE PARTIES

Plaintiff:

Plaintiff, Ana R. Olivella Rivera, is represented by attorney Rafael A. Oliveras López de Victoria, 4G9, Calle 2, 4ta. Sección, Urb. Villa del Rey, Caguas, PR  00727-6704, telephone number (787) 744-8588, fax number (787) 703-0977 and email: roliveralv@prtc.net.

Co-Defendant Popular Leasing and Rental:

Co-Defendant Popular Leasing and Rental, Inc., is represented by attorney by David Lopez Pumarejo dlpuma@coqui.net and Jose R.Diaz Rios of Pérez Pietri & Díaz Ríos, PO Box 190743, San Juan, P.R. 00919-0743 Tel. 792-7013/ Fax: 792-8520

Co-defendants Preferred Risk Insurance Company and Banco Popular de Puerto Rico:

Ana M. Otero, Esq., of Bufete Otero & López, PO Box 9023933, San Juan, PR 00902-3933, Telephone: 724-4828/ Fax : 722-7662, email: otelo@prtc.net represents Codefendants Preferred Risk Insurance Company and Banco Popular de Puerto Rico.

The conference between the attorneys was held on June 14, 2006.

## II.  AMENDMENT TO THE PLEADINGS

Plaintiff:

None at this time.

Co-Defendant Popular Leasing and Rental:

The cause of action under Federal Debt Collection Act was dismissed.

Pendent jurisdiction claims, as stated in thi proposed pretrial order by plaintiff,  are time barred.

Co-defendants Preferred Risk Insurance Company and Banco Popular de Puerto Rico:

Same as above

### III. NATURE OF ACTION AND JURISDICTION

Plaintiff:

The present action is brought by co-plaintiff Ana R. Olivella and her parents in accordance with the Federal Debt Collection Act and Federal Credit Reporting Act 15 USCA 1601, 1681, 1692; and also under the Contract Section of Civil Code of Puerto Rico and Article 1802 of said code. Plaintiff claim economic mental and emotional damages due to the negligent acts and or omissions created by Popular Leasing and Rental, Inc., its agents officers and/or employees. As expressed in the complaint, Plaintiff suffered credit damages as well as physical and emotional stress due to said negligent acts and omissions.

Plaintiff invoke the Court's jurisdiction under both Federal Debt Collection Act, supra and the Federal Credit Reporting Act, supra. Pendent jurisdiction is also invoked under the Civil Code of Puerto Rico both under contract and tort law.

Co-Defendant Popular Leasing and Rental:

This is a action for credit collection damages under the Federal Credit Reporting Act and under Article 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A. 5141.

Co-defendants Preferred Risk Insurance Company and Banco Popular de Puerto Rico:

This is a action for credit collection damages under the Federal Credit Reporting Act and under Article 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A. 5141.

IV.<u>FACTUAL VERSION</u>

Plaintiff:

On October, 1989, Mrs. Ana Rosa Olivella commence working as office manager in All-in- One Human Resources Services, Inc., located at Fernandez Juncos Ave. Num. 1452, Santurce, Puerto Rico.

As of September, 1992, Mrs. Ana Rosa Olivella lived in San Juan, Puerto Rico, specifically at the Miramar Plaza Condominium. Her only employment at the time was with All-in-One Human Resources Services, Inc. She was never an officer, stockholder or director of said employment agency. She had no commercial, business or agricultural activities.

On September 1992, coPlaintiff Ana Rosa Olivella leased a brand new

Nissan Stanza, Model 1992 from Popular Leasing and Rent, Inc. The terms of the contract were set only by the lessor in an adhesion type contract, where lesse had no say in the terms of said contract.  The lessor knew the personal circumstances of  the lessee. She was never told not to use the leased vehicle for personal activities and used Plaintiff Olivella credit rating to approve the financial lease.  Said credit rating had the classification of  a personal rating not a business classification in order to obtain the vehicle financing.   Never Popular Leasing used the business credit rating of All-in-One  which was the employer of Mrs. Ana Rosa Olivella.  The classification of the financial lease was wrongfully given solely by Popular Leasing; but the fact of the matter is that the financial leave is a personal lawn given to Mrs. Olivella, who had no control over said classification.  She only simply went to purchase a vehicle with Popular Leasing.

The terms set only by Popular Leasing of the financial lease consisted mainly that co-Plaintiff Ana Rosa was to pay in monthly installment the amount of $593.00, up to the aggregate of $21,000.00, approximately.  This monthly amount represented the principal, interest charges, insurance premium for a full cover policy, property taxes, motor vehicle licenses and

other miscellaneous charges  regarding the rental agreement with the parties. On the other hand, Popular Leasing and Rental, Inc., obligated itself to pay insurance premiums, taxes, and other charges payable to third parties, regarding the operation of said vehicle.  In addition to Defendant Popular Leasing and Rental, Inc., contractually granted co-Plaintiff Ana R. Olivella the peaceful, public and continuous use of the above described vehicle.

Notwithstanding, these obligations by codefendant Popular Leasing and Rental, Inc., co-Plaintiff Ana Rosa became a victim of non-contributory negligence by Popular Leasing and Rental, Inc., its agents, offices and employees in these main occurrences.

In violation of the lease agreement and after the codefendant had accepted the original insurer, Popular Leasing and Rental, Inc., required from Ana Rosa Olivella to purchase an additional insurance policy from Puerto Rico American Insurance Company.  This additional insurance coverage was unnecessary and costly.  It represented on additional monthly charge of $197.00.  Not withstand, this additional coverage,  Puerto Rico American Insurance Company refused to grant coverage in an account whereby Ana Rosa

Olivella became involved.

Second, Popular Leasing and Rental, Inc., initiated collection procedure against Ana Rosa Olivella not withstand the fact that the lease payments were not in arrears.  At the time of said collection, Plaintiff vehicle was illegally repossessed by Popular Leasing and Rental, Inc.  The repossession of said vehicle was done by instruction of co defendant Popular Leasing and Rental, Inc.

Plaintiff Ana Rosa Olivella was humiliated, demeaned and harassed by Popular Leasing and Rental, Inc., it agents, employees and officers in front of her family, friends and business associates.

To recuperate the repossessed vehicle, Ana Rosa Olivella had to request from her parents financial help; said co-Plaintiff extended a lump sum of $3,000.00 approximately to co-Plaintiff; and she  proceed to paid the illegal and unwarranted financial charges and unlawfully collected.  After said payment was made, Plaintiff recuperated the reposed Nissan Stanza.

It was after this repossession incident, that Ana Rosa Olivella become fully aware of the fictitious areas payment that co-defendant Popular Leasing and Rental, Inc., charged.  In a letter submitted by Popular Leasing and Rental,

Inc., to Ana Rosa Olivella, the leasing company accepted its errors and requested apologies from Ana Rosa Olivella.

Both the illegal repossession and its aftermath brought forward a total nervous breakdown of co-Plaintiff Ana Rosa Olivella which required prompt medical attention.

To make matters worse, and notwithstanding Popular Leasing and Rental, Inc., acceptance of its errors in collection and repossessing practices it created the ultimate burden and damages to Ana Rosa Olivella: Popular Leasing and Rental, Inc., notified to credit bureaus of Puerto Rico that she was arrears; and that Popular Leasing and Rental, Inc., reported to said credit bureau agencies that the leased vehicle contract had become a credit loss for all financial purposes of said party. Therefore, said credit agencies reported to all parties requesting credit information of co Plaintiff Ana Rosa Olivella an alleged morosely.

Third, due to the malicious and incompetent financial and administrative practices of Popular Leasing and Rental, Inc.,, again for the second time Popular Leasing and Rental, Inc., charges the amount of $8,000.00 in fictitious charges. This charges were brought to the attention of Ana Rosa Olivella after

she had signed a general release whereby Popular Leasing and Rental, Inc., stating that Ana Rosa Olivella had no debt pending. This release was signed as part of purchase agreement with Popular Leasing and Rental, Inc., whereby Ana Rosa Olivella acquire the legal and equitable title of Nissan Stanza.

As the result of these three incidents, co-Plaintiff Ana Rosa Olivella suffered economic, mental, physical and moral damages. In terms of economic damages, co-Plaintiff Ana Rosa Olivella suffered the following:

a)    Loss in the used of her vehicle for professional and personal purposes for almost five (5) days..

b)    Unfavorable credit rating to her person and toward her business.

c)    An extraordinary economic burden imposed by Popular Leasing and Rental, Inc., to Ana Rosa Olivella in trying to cope with the repossession and its solution.

d)    Loss of salaries due to credit problems brought forward by Popular Leasing and Rental, Inc., negligent acts and/or omissions.

Ana Rosa Olivella also had mental and physical damages that may be summarized as follows:

a)    Lack of mental concentration and coordination due to the

incredible tension she had suffered as the result of the Popular Leasing and Rental, Inc., collection practices, its errors and omission, the illegal reposition, and finally, the harassment she received.

b)    High blood pressure due to the incidents which required medical attention.

c)    Plaintiff Ana Rosa Olivella became very anxious and depressed due to these incidents.

d)    Constant insomnia and headache.

Lastly, Ana Rosa Olivella has been denigrated and humiliated by Popular Leasing and Rental.  She has suffered numerous humiliations when she has requested loans and other credit remedies.

Co-Defendant Popular Leasing Rental

On or about September 25, 1992 Plaintiff Ana R. Olivella Rivera and Popular Leasing & Rental, Inc., signed a contract titled ¨Lease Agreement¨ by which  Popular Leasing provided financing for a Nissan Stanza automobile acquired by Plaintiff.

Plaintiff failed to make payments on time and defaulted on her obligations.

Plaintiff requested a liquidation balance of her debt, proposed a settlement and finally made payments canceling the debt for a lesser amount that was owed to Defendant.

Plaintiff was in constant default regarding the lease agreement and defaulted repeatedly of her obligations.

Co-defendants Preferred Risk Insurance Company and Banco Popular de Puerto Rico:

See paragraph V hereinafter, Factual and Legal Contentions.

## V.    FACTUAL AND LEGAL CONTENTIONS

Plaintiff:

Plaintiff legal theory can be summarized as follows:

In this action, Plaintiff Ana Rosa Olivella seek to recover damages from Defendant due to mental and moral anguish cause by the omissions, errors and inequities brought forward by Defendant, its officers, director, agents and employees.

Defendant actions are summarized in averment number two of complaint which state three causes for redress, namely:

a)    Defendant causes Plaintiff to buy additional insurance

coverage with no apparent reason.  This additional coverage represented $197.00 in additional payments for the entire life of lease.

b)      Codefendants Popular Leasing and Rental, initiated illegal collection procedures against defendant is stated in complaint.  She lost her credit standing in Puerto Rico.  To this day, Ana Rosa Olivella account appears as a loss in the credit bureau agencies that serve Puerto Rico.

c)      Moreover, Plaintiff was maliciously harassed, denigrated and humiliated for a collection of $8,000.00, which are not real but a fictitious charge.

Plaintiff has suffered mental and moral anguish; and nervous breakdown due to this situation she is presently depressed.

Co-Defendant Popular Leasing and Rental, Inc:

The contract signed between the parties has as the last condition printed in capital and bold letters the following:

> LESSE ACKNOWLEDGES RECEIPT OF A COPY OF THIS LEASE, CONFORMING TO THE ORIGINAL HEREOF  AND REPRESENTS AND WARRANTS THE UNIT WILL BE USED FOR BUSINESS, COMMERCIAL OR AGRICULTURAL PURPOSES, AND  WILL NOT BE USED FOR PERSONAL FAMILY OR HOUSEHOLD PURPOSES, THIS LEASE IS NOT A CONSUMER LEASE WITHIN MEANING OF THE CONSUMER LEASING ACT OF 1976.

Pursuant to 15 USC 1692 (a), collection efforts regarding any debt that is not primarily for personal, family or household purposes is accepted from FDCPA. Plaintiff has no cause of action under said statute.

The complaint fails to show even a scintilla of facts that may favorably be constructed as describing any practice or conduct incurred by defendant that violates FCRA.

Defendant causes of action are time barred.  Section 1692k(d) of FDCPA provides that actions to enforce liability created by the FDCPA must be brought ¨within one year from the date on which the violation occurs.¨ In _Maahs v. United States_, 840 F.2d 863, 866-67 (11th Cir. 1988), the US District Court for the 11th Circuit held that the method of calculation used in Rule 6(a) of the Federal Rules of Civil Procedures generally applies to statutes such as the FDCPA which were enacted after the Federal Rules of Civil Procedure were adopted in 1937.

The complaint fails to ascertain the nature of the damages claimed as a consequence of any particular wrongdoing on behalf of Defendant.

Any and all alleged violations of FCRA, all of which are denied, were not

international and were the product of bona fide errors, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

Co-Defendants Preferred Risk Insurance Company and Banco Popular de Puerto Rico:

On September 25, 1992, plaintiff Ana R. Olivella Rivera and Popular Leasing & Rental, Inc. signed a contract titled "Lease Agreement" by which Popular Leasing provided financing for a Nissan Stanza automobile acquired by Plaintiff.

Since December 1, 1992, plaintiff started failing in making payments on time defaulting her obligations with Popular Leasing. According to her collection data, from seventy-two payments only eight were done as scheduled. That means that sixty- four payments were in arrears. Also, her lease history record shows payments with insufficient funds.

Co defendant Banco Popular de Puerto Rico, at the time of the facts, was acting as Popular Leasing's collection agent. Preferred Risk Insurance company was the insurance carrier of Banco Popular. The policy issued by Preferred Risk Insured is subject to its terms, clauses, conditions, exclusions and limits.

In the lease agreement, a monthly payment of $393.00 was established

and plaintiff obliged herself to provide an insurance policy for the vehicle. (Lease agreement)  Plaintiff bought an insurance policy with Nationwide Mutual Insurance Company which covered the period from September 25, 1992 to September 25, 1993.  (Nationwide policy)  Since by May 1994 plaintiff did not provide evidence to the bank that she had bought an insurance policy for the vehicle, Popular Leasing procured an insurance policy with Preferred Risk - PRAICO.  For this reason, plaintiff's monthly payment under the lease increased to $525.00 since May 2004 (Popular Auto Lease History). At the time in which these facts occurred, Popular Leasing, as owner of the vehicle, was responsible before third parties for any accident that may occur while plaintiff was driving the car.  For this reason, Popular Leasing needed to have all its leased vehicles covered by insurance.

Through a hand-written letter dated May 27, 1995, plaintiff submitted to Popular Leasing for the first time a certificate issued by International Insurance Corporation stating that plaintiff had procured insurance policy PAP006569-58 with Triple S for the leased vehicle with an effectiveness period from September 9, 1994 to September 9, 1995.  (Letter to Migdalia Castro)  Once Popular Leasing received evidence of the insurance policy in effect with Triple

S, the policy with Preferred Risk was immediately canceled on May 30, 1995. (Letter dated June 18, 1996 from Aida Luz Mulero and cancellation certificate issued by Preferred Risk Insurance Company).

On August 31, 1995 a letter was sent to plaintiff reminding her that the policy with Triple S would expire on September 9, 1995 and that she should take the necessary steps to renovate the policy and provide evidence of said renovation. (Letter dated August 31, 1995 from Popular Leasing) Since plaintiff never submitted any evidence to that effect, on February 21, 1996 another letter was sent to plaintiff requesting her to provide copy of the policy for the period 1995 to 1996. Plaintiff never submitted said evidence.

On June 1, 1996 an adjustment was made of plaintiff's debt regarding the insurance for the period between May 1, 1994 to May 1, 1995. (Popular Auto Lease History)

The only debt collection letters sent by defendants to plaintiff are dated February 23, 1996 signed by Yamil Maldonado and September 12, 1997 signed by attorney Sergio Dominguez Wolff.

By October 2, 1998, plaintiff's debt with Popular Leasing amounted to $5,945.37. An agreement was reached with plaintiff that she would pay

$4,500.00 of said debt and the rest of the debt would be condoned. (Letter to attorney Miriam Ramos dated January 7, 1999; by submitting this evidence defendants are not waiving their attorney-client privilege between the attorneys for the bank and bank employees.)  Upon payment of this settlement amount, on October 2, 1998 the ownership title of the vehicle was transferred to plaintiff.  (Bill of sale #22921; transfer of title document dated October 2, 1998).

Plaintiff claims that she was denied credit at various places due to the negative information that Banco Popular and/or Popular Leasing supplied to the credit reporting agencies and avers a claim under Federal Credit Reporting Act.  All the information provided by Banco Popular and/or Popular Leasing to credit reporting agencies regarding plaintiff's account was accurate and correct.  Popular Leasing and/or Banco Popular were never notified by any credit reporting agency, including Trans Union of Puerto Rico, Inc., that plaintiff had filed or made a dispute or claim regarding her credit report.  In fact, plaintiff testified at her deposition that when she communicated with Trans Union, she merely requested a copy of her credit report and did not make any other request or dispute to Trans Union.  The fact that plaintiff only

made a request to Trans Union for a copy of her credit report, without stating a claim or dispute about said report, is also contained in plaintiff's letter addressed to Trans Union dated September 20, 1996. (Letter dated September 20, 1996)

Our contention is that plaintiff never made a dispute to the credit reporting agency, in this case Trans Union. Therefore, there is no cause of action under FCRA and, therefore, there is no jurisdiction. In the alternative, if it is established that plaintiff did notify Trans Union about her dispute, all state law causes of action that arose after such alleged notification are preempted by the FCRA.

Due to her constant arrears, on June 14, 1996, plaintiff voluntarily returned the unit to Popular Leasing. On June 17, 1996, plaintiff made a payment in the amount of $2,235. 95 and recovered the car. Isla Repossessions is a completely separate and independent entity from Banco Popular and/or Popular Leasing. The possession of the vehicle was voluntarily surrendered by plaintiff to Isla Repossessions and said company was the entity in charge of all proceedings related with the surrender of said possession.

This Honorable Court dismissed the claim under the Fair Debt Collection

Act.

Plaintiff's claim under the Fair Credit Reporting Act must also be dismissed. An essential element of that cause of action is that the bank is notified by the credit reporting agency that claimant has made a dispute about her/his report. 15 USC sec. 168215-2(b). In this case, the bank never received such notification.

Since the federal statutes invoked by plaintiff are not applicable to this case, there is no subject matter jurisdiction. The state pendent claims must also be dismissed.

## VI. STIPULATIONS

Due to the time contraints, the parties will meet to agree and prepared the stipulations.

## VII. STATEMENT OF THE CONTESTED MATERIAL FACTS

Plaintiff:

1      Popular Leasing and Rental is the lender and/or lessor of a vehicle purchased by Plaintiff Ana Rosa Olivella.

2      To effectual said purchase a lease agreement was entered between Popular Leasing and Rental and Ana Rosa Olivella.

3     That lessor required from Ana Rosa Olivella an additional Insurance policy in addition to her current one as establish in lease.

4     That lessor illegally reposed Ana Rosa Olivella vehicle July 1996.

5.     Throughout said lease, plaintiff was a victim of three events promoted and instigated by Popular Leasing and Rental, Inc., its agents, officers and/employees.

6.     Defendant Popular Leasing and Rental, Inc., illegally required additional insurance coverage, (Puerto Rico American Insurance Company, Policy (Triple S, Inc., policy number PAP-006569-58).

7.     Popular Leasing Rental Company, initiated collection procedure against Plaintiff Ana Rosa Olivella Rivera, notwithstanding the fact that the lease was not in arrears, and therefore, only owed the Current payment to lessor.

8.     Popular Leasing maliciously started the collection of approximately $8,000.00 for fictitious charges.   Plaintiff was harassed, denigrated and humiliated in from of employees and third  parties.

9.     Mental and Moral damages suffered by Plaintiff are in controversy.

10.    Punitive damages are also in controversy due to the malicious acts of Defendant.

11.    Plaintiff´s attorney fees and costs are contested due to the Popular Leasing's temerity and opposition.   See also reply to motion for summary judgment.

Co-Defendant Popular Leasing and Rental:

1.  On or about September 25, 1992 Plaintiff Ana R. Olivella Rivera and Popular Leasing & Rental, Inc., signed a contract titled ¨Lease Agreement by which  Popular Leasing provided financing for a Nissan Stanza automobile acquired by Plaintiff.

2.    Plaintiff failed to make payments on time and defaulted on her obligations.

3.  Plaintiff requested a liquidation balance of her debt, proposed a settlement and finally made payments canceling the debt for a lesser amount that was owed to Defendant.

Codefendants Preferred Risk Insurance Company and Banco Popular de Puerto Rico :

1.  Since December 12, 1992 plaintiff started failing in making payments on time, thus defaulting her obligations with Popular Leasing.  From seventy two payments only eight were done as scheduled.

2.  Plaintiff's lease history record shows payments with insufficient funds.

3.  Due to her constant arrears, on June 14, 1996, plaintiffs voluntarily returned the leased unit to Popular Leasing.

4.  Since by May 1994 plaintiff did not provide evidence to the bank that she had bought a policy to cover the vehicle, Popular Leasing procured a policy with Preferred Risk and charged plaintiff for those premiums.

5.  Through letter dated May 27, 1995 plaintiff submitted to defendant evidence of a policy issued by Triple S for the period September 1994 to September 1995.  Once that evidence was received, the policy with Preferred Risk was cancelled on May 1995.

6.  Despite requests by the bank to that effect, plaintiff never submitted evidence of a policy for the period 1995 to 1996.

7.  On June 1, 1996 an adjustment was made regarding plaintiff's debt for the period between May 1, 1994 to May 1, 1995.

8.  The only collection letters sent by defendants to plaintiffs are dated February 23, 1996 and September 12, 1997.

9.  By October 2, 1998 an agreement was reached with plaintiff that she would pay $4,500.00 out of her debt of $5,945.37.

10.  Upon payment of this amount, the ownership title of the vehicle was transferred to plaintiff.

11.  Plaintiff never made a dispute to Trans Union of Puerto Rico regarding her credit report.

12.  Defendants were never notified by Trans Union or any other credit agency that plaintiff had filed a dispute regarding her credit report.

VIII.    <u>WITNESS</u>

Plaintiff:

The following are the possible witness in this case subject to discovery proceeding.

a.      Ana Rosa Olivella Rivera, will testify in relation to the allegations in complaint.

b.      Margarita M. Olivella Rivera, will testify in relation to mental and moral anguish suffered by Ana Rosa Olivella Rivera.

c.    Silvia Carmona - Hostile witness.

d.    Representative of Preferred Risk

e.    Representative of Triple SSS.  Whereby it acknowledge the certificate of Triple SSS, Co.

f)    Trans Union officers acknowledging the existence of the credit reports dated 1999 to 2003.

g)    Attorney Dominguez Wolf to acknowledge a letter remitted to plaintiff requesting payment of fictitious debt.

h)    The following credit officers will be call to acknowledge unfavorable credit requests:

      i.    R & G Mortgage.

      ii.    General Motors Acceptance Corp.

      iii.    Sprint

      iv.    Citibank, N.A.

i)    Attorney of Triple SSS

j)    Hostile witness Mr. Tomás Aponte.

The appearing party will file a separate motion containing the reply to co **defendants objections to the witnesses that were raised in this pre trial.**

Co-Defendant Popular Leasing and Rental:

    1.  Sylvia Carmona

    2.  Milllie Riviera


**Codefendants Preferred Risk Insurance Company and Banco Popular de Puerto Rico :**

    1. Millie Rivera, Popular Leasing - will testify about all matters regarding plaintiff's account.

The appearing party objects the use of the following witnesses by plaintiff because they were announced by the first time by plaintiff in the ammended pretrial filed unanimously by plaintiff in May 31, 2006 (Docket number 172). Those witnesses were never announced previously by plaintiff and, therefore, the appearing party did not have the opportunity to make any discovery about the matters to be testified by those witnesses.  Moreover, the appearing party did not have an opportunity to explore the possibility of using witnesses that could contravert what plaintiffs announced witnesses will testify.  There was no opportunity to corroborate whether the testimony of those witnesses is

truthful and correct.    The witnesses which are the objected to are the following:

      a. representative of Preferred Risk,

      b. representative of Triple S,

      C. Trans Union officers,

      D. attorney Dominguez Wolf,

      E. credit officers for R&G Mortgage, General Motors Acceptance Corp., Sprint, and Citibank,

      F. attorney for Triple S.

## IX. <u>DOCUMENTARY EVIDENCE</u>

Plaintiff:

      a.    Lease Agreement between Banco Popular Leasing & Rental Inc., and Ana R. Olivella Rivera and its schedule.  This is the main contract that both parties signed.

      b.    Letter dated April 27, 1997 signed by Ana Rosa Olivella for the payment of  $4,000.00.

c.     Certificate of Insurance Policy issued by Preferred Insurance Company.

d.     Certificate of Insurance Policy signed by Triple S, Co.

e.     Letter remitted to Popular Leasing send by Ana Rosa Olivella Rivera with regards to insurance coverage as requested by Popular Leasing.

f.     Cancellation notice remitted by Preferred Insurance Company.

g.     Letter signed by Silvia Carmona supervisory officer customer service department of  Popular Leasing and Rental Co., dated November 7, 1997.

h.     Debt certification letter dated September, 1998, remitted by Popular Leasing & Rental and signed by Miguel A. Guindin.

i.     Credit Bureau Report dated 1999, 2000, 2001, 2002, 2003.

j.     Credit Bureau Report dated 1997.

k.     Letter dated December 17, 1996, remitted by Popular Leasing requesting the full payment of liquidation balance at said date.

l.     Letter remitted by attorney Sergio Dominguez Wolf, whereby the amount of $9,381.42 is illegally claimed to plaintiff.

m.     Manager's check no. 005028, whereby by full payment is made to Popular Leasing.

n.     Confirmation regard vehicle repossession dated June 14, 1996, signed by Miguel Guindin and/or an official of Banco Popular.

o.     Letter signed by Mrs. Ana R. Olivella dated May 15, 1996 and remitted to Tomás Aponte, independent adjuster contracted by Popular Leasing & Rental Company whereby plaintiff states that she has evidence showing that these is no accumulated and/or outstanding debt.

p.     Audit Report remitted by Popular Leasing & Rental Company, dated February 23, 1996, requesting if pending balance owned by plaintiff is correct.

q.     Credit denial report dated by January 2004, April 2004, March, 2002, August 18, 1998, August 10, 1998, July 17, 1998, September 20, 1996, issued by various financial institution.

r.     Civil case file num. ADP1996-0108 of the Court of  First Instance, District of Aguadilla. Popular Leasing & Rental Company as well letter signed by Myriam Ramos dated June 5, 1996 and letter sent by Triple SSS in relation to said case signed by Joaquin Feliciano.

s.      Letter signed by Mrs. Ana R. Olivella to customer service representative Mrs. Silvia Carmona requesting status of correction of credit report to Trans Union of Puerto Rico as letter November 7, 1997.

t.      Letter to Mrs. Evelyn Santana, manager of Customer Relation signed by Mrs. Ana R. Olivella requesting for the second time the correction of credit information to Trans Union de Puerto Rico, Inc.

u.      Letter to Trans Union of Puerto Rico dated December, 1997, requesting credit correction of her credit report.  Attached thereto are the letter dated November 7, 1997, signed Mrs. Silvia Cardona.

v.      Letter remitted by Isla Repossession on January, 1999, when it again try to collects the alleged illegal arrear payments of February 23, 1996.

w.      Sprint denial letter for credit.

x.      Credit denial of Citibank dated August 10, 1998.

y.      General Motors Acceptance Corporation's credit denial letter dated August 18, 1998.

z.      Statement of credit denial of R & G Premier Bank, dated May 9, 2002.

aa.     Trans Union Credit Report whereby Banco Popular alleged credit balance was charged as a loss.

The appearing party will file a separate motion containing the reply to co defendants objections to the documents that were raised in this pre trial.

Co-Defendant Popular Leasing and Rental:

a.     Lease Contract.

b.     Retail Installment Contract Insurance Premium Financing.

Codefendants Preferred Risk Insurance Company and Banco Popular de Puerto Rico :

1.  Lease contract.

2.  Payment history record (Document titled "Popular Auto, Inc. Lease History")

3.  Certificate of insurance issued by Nationwide Mutual Insurance.

4. Letter from plaintiff dated May 27, 1995 with certificate of insurance pertaining to policy of Triple S issued by International Insurance Corporation.

5.  Certificate of insurance issued by Preferred Risk Insurance dated June 18, 1996.

6.   Letter from Popular Leasing to plaintiff dated August 31, 1995 regarding the renovation of policy.

7.  Letter dated February 21, 1996 requesting certificate of insurance for period 95-96.

8.  Certificate of cancellation of policy issued by Preferred Risk effective May 30, 1995.

9.   Letter dated December 17, 1996 regarding liquidation value as of December 31, 1996.

10.  Letter dated May 29, 1998 pertaining to liquidation value.

11.   Letter dated May 29, 1998 with hand written notes pertaining to adjustment of debt.

12.  Letter dated July 23, 1998 indicating liquidation value.

13. Form dated October 2, 1998 pertaining to liquidation and giving the possession of vehicle to plaintiff.

14.  Memorandum prepared to attorney Miriam Ramos by José A. Díaz.

15.  Letter dated September 20, 1996 directed to Trans Union of Puerto Rico, Inc. from plaintiff.

The appearing party objects the use of the following documents by plaintiff because they were announced by the first time by plaintiff in the ammended pretrial filed unanimously by plaintiff in May 31, 2006. Those documents were never announced previously by plaintiff and, therefore, the appearing party did not have the opportunity to make any discovery about the matters contained in those documents. Moreover, the appearing party did not have an opportunity to explore the testimony of witnesses that could contravert the information contained in those documents. There was no opportunity to corroborate whether the information of those witnesses is truthful and correct. The documents which are the objected to are the following:

    a. credit bureau reports dated 1999, 2000, 2001, 2002 and 2003.

    B. On sub-section (q) plaintiffs announced also for the first time credit denial reports dated January 2004, April 2004 and March 2002 whereas previously plaintiffs have only announced on sub-section (q) credit denial reports dated August 18, August 10 and July 17, 1998 and September 20, 1996.

C.  Letter singed by Ana Olivella to customer service representative Silvia Cardona requesesting for the second tine correction of credit information to Trans Union.

D.  Also, plaintiffs included as new exhibits sub-sections (t) to (v) and (z) and (aa) which are documents that were not included in the previously filed joint pre-trial order and have not been produced to the appearing party.

## X.  DISCOVERY PROCEEDINGS

Plaintiff:

Concluded except co-defendant Preferred Risk Insurance Company and Banco Popular de Puerto Rico has not answered the interrogatories.

Co-Defendant Popular Leasing and Rental, Inc.:

Terminated.

Codefendants Preferred Risk Insurance Company and Banco Popular de Puerto Rico :

None further discovery is needed.

## XI.  PROPOSED EXPERT WITNESS

Plaintiff:

    None.

Co-Defendant Popular Leasing and Rental, Inc.:

    None.

Codefendants Preferred Risk Insurance Company and Banco Popular de

Puerto Rico:

    None expert witness has been hired by co defendant herein appearing.

## XII.  <u>PENDING MOTIONS</u>

Plaintiff:

    Plaintiff opposes any dispositive motion at this time for the same are

tardy.  Moreover, Defendants had filed prior dispositive motions before this

Honorable Court; which were denied.  The motion filed on September 23,

2005, has been filed in a tardy manner which has caused the amendment of

this pretrial order.  Plaintiff request that said motion for dismissal be stricken

from the record.

Co-Defendant Popular Leasing and Rental, Inc.:

    None.

Codefendants Preferred Risk Insurance Company and Banco Popular de

Puerto Rico:

    The appearing party has raised an objection regarding the new

witnesses and documents announced by plaintiff.

XIII.  LIMITATION AND RESERVATION

Plaintiff:

    The Plaintiff reserves the right to further supplement the list of witnesses

and the list of documentary exhibits upon application to the Court, and for

good cause shown.

    The plaintiff reserved the right to call such rebuttal witnesses as may be

necessary without prior notice thereof to the other party.  Hurricane George

stroke Puerto Rico on  September 26, 1998 and cost extreme damage to the

island, specifically that the electric power supply.  The Supreme Court of

Puerto Rico emitted a resolution whereby all legal statutory terms where

suspended for almost a month an a half.  Therefore, under this resolution the

complaint filed herein was done within the terms of said resolution.

Co-Defendant Popular Leasing and Rental:


Codefendants Preferred Risk Insurance Company and Banco Popular de
Puerto Rico:


XIV. <u>ESTIMATED LENTH OF TRIAL</u>

Plaintiff:

    Plaintiff estimates that trial should take at least two (2) days.


Co-Defendant Popular Leasing and Rental:

    Two (2) days.


Codefendants Preferred Risk Insurance Company and Banco Popular de
Puerto Rico:

    Three days are estimated.


XV.<u>INTERPRETER:</u>

    Parties agree that on interpreter will be needed.


XVI.<u>TECHNICAL WORKS</u>

All parties agree none at this moment.

## XVIII. <u>OTHER MATTERS :</u>

All Parties:

    None.

RESPECTFULLY SUBMITTED.

In Caguas, Puerto Rico, this 14th day of June, 2006.

                          s/RAFAEL A. OLIVERAS LOPEZ DE VICTORIA
                          RAFAEL A. OLIVERAS LOPEZ DE VICTORIA
                          USDC: 119606
                          4G9, CALLE 2, 4TA. SECCION
                          URB. VILLA DEL REY
                          CAGUAS, PR  00727-6704
                          TEL: 744-8588/ FAX: 703-0977
                          Email: roliveralv@prtc.net

s/ Ana María Otero
USDC No:
OTERO & LOPEZ, LLP
Attorney for Banco Popular de PR
and Preffered Risk Ins. Co.
P.O. Box 9023933
San Juan, PR  00902-3933
Tel: 724-4828/  Fax: 722-7662
Email: otelo@prtc.net

s/ David López Pumarejo
PEREZ PIETRI & DIAZ RIOS
David López Pumarejo USDC: 123711
José R. Díaz Ríos
Attorney for Popular Leasing and Rental, Inc.
P.O. Box 190743
San Juan, Puerto Rico  00919-0743
Tel: 792-7013   Fax:  792-8520
e-mail: dlpuma@coqui.net

-