UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
ANA R. OLIVELLA RIVERA          *      CIVIL NO.: 98-2267 (JAG)
                                *
     Plaintiff                  *
                                *
        v.                      *
                                *      JURY TRIAL DEMANDED
POPULAR LEASING AND RENTAL, INC.,  *
ET AL.                          *
                                *
     Defendants                 *
                                *
----------------------------------*
```

MOTION IN LIMINE

TO THE HONORABLE COURT:

COME NOW defendants PREFERRED RISK INSURANCE COMPANY (erroneously denominated Puerto Rican American Insurance Company) and BANCO POPULAR DE PUERTO RICO, represented by the undersigned attorneys, and before the Honorable Court respectfully tenders this proposed pre-trial order:

1. On December 5, 2006 a pre-trial conference was held in the above captioned case.

2. During the pre-trial conference held on December 5, 2006 the appearing party raised an objection regarding several documents announced by plaintiffs on the pre-trial report. Our objection is based on the fact that those documents had never been announced or provided to the defendants prior to the pre-trial conference order (Docket number 172) that was unilaterally filed by plaintiffs on May 31, 2006. Said objection had also been previously raised in our Motion Requesting Approval of Pre-trial Order. (Docket number

175) The documents which the appearing party objects to are the following:

- a.  Credit Bureau reports dated 1999, 2000, 2001, 2002 and 2003.
- b.  credit denial reports dated January 2004, April 2004 and March 2002.
- c.  Letter signed by Ana Olivella to Sylvia Cardona dated November 7, 1997.
- d.  Letter to Evelyn Santana from Ana Olivella requesting correction of credit report by Trans Union.

3.  In the pre-trial conference held on December 5, 2006 plaintiff was granted twenty (20) days to provide to the defendants a copy of the above-stated documents. Furthermore, the parties met on January 12, 2007 in order for plaintiff to inform defendants the content of the testimony of the witnesses that were announced by plaintiff for the first time on the pre-trial conference order of May 31, 2006 and to submit copy of the documents that had been objected to (Docket number 172). During said meeting, plaintiff complied and informed the content of said testimony and stated that within the next two (2) days would provide to defendants copy of the documents. However, to this date plaintiff has not provided to defendants with copy of the documents that were belatedly announced on the pre-trial conference order of May 31, 2006.

4.  The above stated documents were announced for the first

time by plaintiffs on an extremely late phase of the proceedings. As stated, they were announced for the first time on a pre-trial report that was unilaterally filed by plaintiff after discovery had concluded, including the depositions of plaintiff and an officer from Banco Popular. Plaintiffs attempt to include said documents in such a late phase of the proceedings opens the discovery proceedings all over again. The appearing party will have to depose plaintiff one more time in order to ask her questions about the newly announced documents. Also, the appearing party most probably will also have to depose the persons who prepared the documents. Moreover, it is possible that the appearing party might have to announce new witnesses and/or documents to oppose plaintiffs' newly announced evidence.

8. Taking into consideration all of the above, that a continuation of the pre-trial is scheduled for March 26, 2007, that trial is scheduled for May 21, 2007, all the complications that plaintiffs' belated announcement of new documentary evidence will create and the fact that plaintiff was given an opportunity to produce the new evidence but did not comply with the term granted for that by this Honorable Court, it is respectfully requested that an order be issued not allowing plaintiff to use the above enumerated documents. Plaintiff was given an opportunity to use those documents although they were announced in a very late phase. Instead of complying with the order, plaintiff has shown a total

disregard to the term granted.  Plaintiffs' non compliance places the appearing party in a disadvantage since we will not have enough time to conduct all the necessary discovery regarding the newly announced evidence to prepare an adequate defense given the proximity of the scheduled pre-trial conference and trial. Plaintiff was already given an opportunity to use the evidence.  A second opportunity, to the detriment of the other parties, is unwarranted.

WHEREFORE, it is respectfully requested that this Honorable Court grants this motion in limine, denying plaintiff the use of the above enumerated documentary evidence, which was belatedly announced by plaintiff for the first time on the pre-trial conference order filed unilaterally by plaintiff on May 31, 2006 (Docket number 172) and about which plaintiff was granted a term of twenty (20) days to produce but did not comply with the term.

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Rafael A. Oliveras López, Esq.; David López Pumarejo, Esq.**

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico this 25th day, of January, 2007.

s/ Ana María Otero
USDC No. 206312
Attorney for defendants
Preferred Risk Insurance Company
and Banco Popular de Puerto Rico
OTERO & LOPEZ, L.L.P.
P.O. Box 9023933
San Juan, P.R. 00902-3933
Tel: 724-4828
Fax: 722-7662
e-mail: otelo@prtc.net