UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ANA R. OLIVELLA RIVERA** | * CASE NUM: 98-2267(CC) |
| Plaintiff | * |
| Vs. | * CREDIT COLLECTION |
| | * DAMAGES |
| **PR POPULAR LEASING AND RENTAL, INC. and OTHERS** | * |
| Defendants | * |

*****************************************

## MOTION IN REPLY TO MOTION *IN LIMINE*

TO THE HONORABLE COURT:

COMES NOW Plaintiffs through the undersigned attorney and most respectfully alleges and prays:

1. Defendants, Preferred Risk Insurance Company and Banco Popular de Puerto Rico filed a *Motion In Limine* as of January 25, 2007, to which replies had to be filed by February 9, 2007.

2. On February 7, 2007, Plaintiff filed a motion requesting fifteen (15) additional days to file its reply to the *Motion In Limine*, whereby he exposed all the factual reasons for soliciting the extension of time.

3. As of today, Plaintiff files it's *Motion in Reply to Motion In Limine*, responsibly and in an adequate manner answering all allegations fellow attorney Ana Maria Otero described in Defendant's *Motion In Limine*.

4. Defendants argue that since December, an objection was raised about several documents which Plaintiff raised on the pre-trial report. Said documents include:

   a. Credit Bureau reports dated 1999, 2000, 2001, 2002 and 2003.

   b. Credit denial reports dated March, 2002; January, 2004; and April, 2004.

   c. Letter signed by Ana Olivella to Sylvia Cardona dated November 7, 1997.

   d. Letter to Evelyn Santana from Ana Olivella requesting correction of her credit report by TransUnion.

5. On January 12, 2007, the parties met, whereby Plaintiff informed about the content of all witnesses' testimonies. During said meeting, Plaintiff stated that copy of the above mentioned documents would be sent to fellow attorneys in the following two (2) days. Unfortunately, due to scheduled trials before this Honorable Court, it was impossible to comply with said request, and as a matter of fact, Mrs. Ana Olivella suffered an accident which impeded her mobility, for which she was at rest at home under strict orders from her orthopedic surgeon.

6. In addition, with reasonable certainty, this evidence was also used and/or announced, as well as submitted with the *Opposition and Reply to Summary Judgment* and *Motion to Dismiss*.

7. Defendants also state in their motion that these documents were announced for the first time on an extremely late phase of the proceedings.

8.      However, it should be noted that the documents in question were not available and/or known before the time they were first mentioned by Plaintiffs. Also, Plaintiff has raised no objection to Defendants actions as to the documents. Defendants are free to depose the witness regarding said documents, depose the persons related to the same, and also, announce new witnesses and/or documents to oppose the new evidence.

9.      Plaintiff comprehends Defendants worries about time and preparation, but also stands to believe that these documents and the information they contain is important and/or relevant to the case.

10.     Trial is scheduled for May 21, 2007, giving Defendants almost three (3) months to take all measures they believe necessary to oppose the newly included evidence.

11.     Also, it should also be noted that copy of the above mentioned documents were sent to Defendants, for attorney David López Pumarejo has copies of the same. On the other hand, attorney Ana Maria Otero as just **recently** joined the case in representation of Defendants, Preferred Risk Insurance Company and Banco Popular de Puerto Rico, reason enough for the lack of the documents on her part.

12.     Plaintiff recognizes the time constraints and complications during a case, for undersigned has also been constrained, specifically in the last few months, not only

by the back log of important cases to attend, but by his physical and mental distress, caused primarily by his cardiac conditions.

13. Moreover, Plaintiff understands that the evidence in controversy is necessary and essential to support its position; and in light of attorney Otero's request, Plaintiff sees no problem in sending a second copy of the documents mentioned directly to her offices.

14. Plaintiff reiterates to the Honorable Court that it has no problem whatsoever with the discovery proceedings that Defendants believe they need to take care of additionally to oppose to said documents.

15. To this effect, Plaintiff most respectfully suggests that a brief Status Conference be held within the next five (5) days, in order to schedule the remaining depositions, as suggested by Counsel Otero, without depriving Defendants of their right to discovery and at the same time avoiding the striking of newly discovered evidence, the same which was tendered a long time ago.

**RESPECTFULLY REQUESTED.**

I HEREBY CERTIFY that on this date, the foregoing motion was electronically filed with the clerk of the Court using the CM/ECF system which will send notification of such filing to all corresponding parties.

In Caguas, Puerto Rico, at this February 21st, 2007.

s/Rafael A. Oliveras López de Victoria
Rafael A. Oliveras López De Victoria

**Attorney for Plaintiffs**
USDC-PR: 119606
URB. VILLA DEL REY
4G9, CALLE 2, 4TA SECCION
CAGUAS, PUERTO RICO 00727-6704
TEL: (787) 744-8588/ FAX: (787)703-0977
Email: roliveralv@prtc.net