UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ANA R. OLIVELLA RIVERA** | * CASE NUM: 98-2267(CC) |
| Plaintiff | * |
| Vs. | * CREDIT COLLECTION |
| | * DAMAGES |
| **PR POPULAR LEASING AND RENTAL, INC. and OTHERS** | * |
| Defendants | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION SHOWING CAUSE REGARDING *STATUTE OF LIMITATIONS*

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiffs through the undersigned attorney and most respectfully alleges and prays:

1. As per Pre-Trial proceedings order, Plaintiff was ordered to show cause regarding the Statute of Limitations under local law.

2. In the Pre-Trial Memorandum filed before the Court, with regard to the nature of action and jurisdiction, Plaintiff evoked to the contract section of the Civil Code of Puerto Rico, as well as Article 1802 of the Civil Code, 31 L.P.R.A. § 5141.

3. Defendants have raised the contention that the present case under local law is time-barred. However, Plaintiff most respectfully understands otherwise, for the relation between the parties is contractual and not of a purely tort nature itself.

4. Both, Plaintiff and Defendant must consider the following facts in order to determine whether contractual damages arise in this case:

a. The first fact before this Court arises from the lease agreement signed by both, Plaintiff and Defendant, whereby they stipulated all the terms and conditions regarding the lease of the vehicle.

b. That in said contract, Defendant had the authority to repossess the leased vehicle and/or make any other judicial or extrajudicial activities in order to collect any of the proceeds in arrears or by Plaintiff. Said contract authority gives right to any legal action that Defendant may legally act. If Defendant violates any of the dispositions of this lease agreement then a breach of contract occurs, and Plaintiff could request under Article 1054 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 3018, damages for breach of contract. Defendant must act properly under the authority given to collect any arrear payments and must avoid any unlawful action in collection proceedings. If Defendant violates said contractual determination by collecting illegally, Defendant could be liable for contractual damages. The case in point was resolved by this Honorable Court in the case of <u>Nancy Isaac Burgos v. Citibank</u>, 432 F.3d 46, in which the United States Circuit Court in its opinion indicated that the damages were both contractual and torts. Damages were contractual in said case, for Citibank pursued collection proceedings in

accordance to the conditional sales contract signed by Isaac Burgos and Citibank; and Citibank and its agents acted improperly by illegally arresting Mrs. Isaac Burgos and prosecuting a criminal complaint without any lawful justification. Although said case was eventually settled, notwithstanding the fact that Citibank filed a motion for summary judgment stating that the damages were time-barred under Article 1802, the Defendants eventually agreed that the damages aroused from a contractual basis. This was the main contention of Defendants; however, the case was settled in the amount of $80,000. Enclosed with this motion is the reply brief filed by Plaintiff, Exhibit A, which specifically indicate that the damages are contractual under Article 1054.

c. In the present case, Mrs. Ana Olivella was a victim of illegal collection proceedings under the Federal Debt Fair Collection Act, the Federal Credit Reporting Act and under local law. As alleged in the complaint, Plaintiff was victim of a double payment of insurance claim, the repossession of the vehicle, as well as the unlawful and wrongful reporting by the Defendant to the credit collection agencies. All these unlawful actions revolve around the fact that Defendant violated and/or breached the lease contract. In applying local law, this Honorable Court must take into consideration the fact that the parties had a long-time and previous relation, not from an incidental isolated

event, but from a contract which stipulates the actions that each party must comply with; and one of the parties to the contract, unlawfully and quantumly acted contrary to the authority to collect a debt in a lawful manner. In the case at hand, Banco Popular and Popular Leasing, acted against the contractual disposition in relation to debt collection, which is part of the contract itself. A corollary any damages that could arise are of contractual nature, under Article 1054, and therefore, the Statute of Limitations applicable is not of one-year but fifteen (15) years. This similar situation was solved also in *Ramos Lozada v. Orientalist Rattan Furniture, Inc.*, 130 D.P.R. 712.

5. Taking into consideration these facts, Plaintiff did file within the fifteen (15) year statute of limitations, all in accordance with *Ramos Lozada v. Orientalist Rattan Furniture, Inc.*, *supra*, and *Nancy Isaac Burgos v. Citibank*, *supra*.

## PRAYER

Therefore, based on Article 1054 of the Puerto Rico Civil Code, and the interpretation of the same under *Ramos Lozada v. Orientalist Rattan Furniture, Inc.*, *supra*, as well as an analogous case *Nancy Isaac Burgos v. Citibank*, *supra*, it is respectfully requested that the defense of time-barred be stricken from the record, for Plaintiff has fifteen (15) years from the commencement of the lease agreement

to file any complaint under local law. The case of Nancy Isaac Burgos is the most analogous case to the present, in which undersigned participated.

**RESPECTFULLY SUBMITTED.**

I HEREBY CERTIFY that on this date, the foregoing motion was electronically filed with the clerk of the Court using the CM/ECF system which will send notification of such filing to all corresponding parties.

In Caguas, Puerto Rico, at this April 11th, 2007.

**s/Rafael A. Oliveras López de Victoria**
**Rafael A. Oliveras López De Victoria**
**Attorney for Plaintiffs**
USDC-PR: 119606
URB. VILLA DEL REY
4G9, CALLE 2, 4TA SECCION
CAGUAS, PUERTO RICO 00727-6704
TEL: (787) 744-8588/ FAX: (787)703-0977
Email: roliveralv@prtc.net